Thora O. **ROURK**, et al., Appellants,

v.

**CAMERON APPRAISAL DISTRICT**, Appellee.

No. 13–02–047–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

March 4, 2004.

Ruben R. Pena, Law Offices of Ruben R. Pena, P.C., Harlingen, for Appellant.

Ernest C. Garcia, Linebarger Goggan Blair, Austin, for Appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and AMIDEI.[1]

## OPINION

Opinion by Justice AMIDEI (Assigned).

Appellants, Thora O. Rourk, et al.,[2] and all others similarly situated, brought a class action requesting a declaratory judgment that travel trailers and park model recreational vehicles are personal property and exempt from taxation under article VIII, section 1(d)(2) of the Texas Constitution, and section 11.14(a) of the Texas Tax Code. TEX. CONST. art. VII, § 1(d)(2); TEX. TAX.CODE ANN. § 11.14(a) (Vernon 2001). The trial court rendered summary judgment in favor of appellee, Cameron Appraisal District, and this appeal ensued.

In five issues, appellants claim the trial court erred: (1) in holding that it had no jurisdiction over their challenge to the constitutionality of appellee's actions because appellants failed to exhaust their administrative remedies; (2) in granting summary judgment for appellee when fact questions exist regarding whether the travel trailers and park model recreational vehicles were personal property and exempt from taxation under article VIII, section 1(d)(2) of

---

**1.** Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon Supp.2004).

**2.** Named appellants include Thora O. Rourk, Elva Broker, Clara & Harry Schmoekel, Robert & Joan Niles, Carroll A. & Lois Iverson, William W. & Frances Wolfe, Terry & Jean Lathangue, A.J. & Betty Roy, Mabel Cheetham, Ryle Andrews, Larry & Mary Gustin, Lowell & Winona Krenger, George & Fran Wrasse, Donald & Virginia M. Sadler, Shel-
don I. & Margurite C. Ross, Jewell & Martha Groover, Vassie Miller, Gary & Lois Adams, Clive A. Birdenstine, Albert & Cecilia Conover, Rosiana ("Rose") Denomme, William & Lois J Farnen, Louis E. & Doris C. Floetker, Raymond Knight, Erna D. Kooistra, Raymond & Bette Le Brun, Charles D. & Janet L. Munson, Arthur J. & Mary Ann Orlikowski, Richard & Carol A. Parker, Milton Charles & Schmiege, Norman L. & Dorothy J. True, Doyle L. & Joyce M. Vanschuyver, Gerald B. & Carol A. Wingett, and William & Alice Zaske.

the constitution; (3) in providing more relief than was requested by appellee; (4) in denying class certification; and (5) in finding that all members of the class must exhaust their administrative remedies.

We reverse and remand.

## Standard of Review

The court in *Garcia v. John Hancock Variable Life Ins. Co.*, 859 S.W.2d 427 (Tex.App.-San Antonio 1993, writ denied), summarizes the applicable standards for reviewing a summary judgment as follows:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and

(3) Every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in its favor.

*See id.* at 429–30 (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984)).

■ A defendant pleading an affirmative defense may obtain summary judgment by (1) disproving at least one of the elements of each of the plaintiff's causes of action, or (2) conclusively proving all the elements of the affirmative defense. *See Am. Med. Elecs., Inc. v. Korn*, 819 S.W.2d 573, 576 (Tex.App.Dallas 1991, writ denied); *Int'l Union v. Johnson Controls, Inc.*, 813 S.W.2d 558, 563 (Tex.App.-Dallas 1991, writ denied); *Lesbrookton, Inc. v. Jackson*, 796 S.W.2d 276, 280 (Tex.App.-Amarillo 1990, writ denied).

■ When a defendant moves for summary judgment on the basis of an affirmative defense, he must expressly present and conclusively prove each essential element of that defense. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Deer Creek Ltd. v. North Am. Mortgage Co.*, 792 S.W.2d 198, 200 (Tex.App.-Dallas 1990, no writ). A defendant moves for summary judgment on the basis of an affirmative defense when he denies the plaintiff's right to judgment, even if the plaintiff establishes every allegation in its pleadings. *Highway Contractors, Inc. v. W. Tex. Equip. Co.*, 617 S.W.2d 791, 794 (Tex.Civ.App.-Amarillo 1981, no writ). Unless the defendant conclusively establishes its affirmative defense, the plaintiff has no burden in response to a motion for summary judgment filed on the basis of an affirmative defense. *Torres v. W. Cas. & Sur. Co.*, 457 S.W.2d 50, 52 (Tex.1970).

## Factual and Procedural Background

Appellants are individuals with travel trailers and park model recreational vehicles situated on rented spaces in trailer parks or trailer courts in Cameron County, Texas.[3] Appellee assessed and taxed appellants' vehicles for ad valorem taxes. Appellants challenged the assessment as an unconstitutional violation of article VIII, section 1(d)(2) of the Texas Constitution,[4] and as a violation of section 11.14(a)

---

3. Appellants' travel trailers and park model recreational vehicles are sometime referred to in this opinion as "vehicles."

4. During the time period relevant to this suit, the Texas Constitution provided that the Legislature may not exempt from ad valorem taxation, in relevant part, "structures which are personal property and are used or occupied as residential dwellings." Tex. Const. art. VIII, § 1(d)(2) (amended 2003); *see now* Tex. Const. art. VIII, § 1(d)(2) (legislature may not exempt "structures which are substantial-

of the Texas Tax Code[5] on grounds that appellee incorrectly classified their vehicles as "manufactured homes."[6] Appellants sued for a declaratory judgment and injunctive relief, and requested that the case be certified as a class action.

Appellee contested jurisdiction and class certification. Specifically, appellee sought to have section 11.14(a) of the Texas Tax Code declared unconstitutional and null and void.[7] Appellee argued that appellants' vehicles were not exempt from taxation under the constitution because the vehicles were taxable as "manufactured homes." In addition, appellee claimed that some of appellants' vehicles were so affixed to the real estate they were "improvements" and taxable under section 1.04(3) of the Texas Tax Code. *See* TEX. TAX.CODE ANN. § 1.04(3) (Vernon 2001).[8]

Without explanation, comment or specification the trial court held generally the proposed class was not clearly ascertainable, and class action procedure would alter the substantive prerequisites of a showing of a de novo appeal pursuant to the Texas Tax Code as a basis for jurisdiction, and denied class certification. The order denying certification found that appellants had been misjoined and ordered that any cause of action which any of the thirty-four named and identified plaintiffs may wish to pursue against appellee should be separately docketed and tried as separate lawsuits.[9] The summary judgment, entered on the same day as the order denying certification, ordered dismissal with prejudice any cause of action the thirty-four plaintiffs may have had against appellee for the tax year 2000, together with any cause of action Ryle Andrews, George and Fran Wrasse, Vassie Miller, Jerry and Carol Wingett, Elva Broker, Jewell and Martha Groover, Larry and Mary Gustin and Richard Parker may

ly affixed to real estate and are used or occupied as residential dwellings").

5. The applicable tax code provision provided that "[A] person is entitled to an exemption from taxation of all tangible personal property, other than manufactured homes, that the person owns and that is not held or used for production of income." Effective January 1, 2002, the Legislature amended this section to further provide that "This subsection does not exempt from taxation a travel trailer ... that a person owns." Under the current version of this section, applicable to tax year 2002 and thereafter, this section does not exempt from taxation a "structure that a person owns which is substantially affixed to real estate and is used or occupied as a residential dwelling." TEX. TAX.CODE ANN. § 11.14(a) (Vernon Supp.2004).

6. A "manufactured home," for the purposes of an exemption, is identified as a "HUD-code manufactured home or a mobile home." *See* TEX. OCC.CODE ANN. § 1201.003(15) (Vernon 2004) (formerly TEX.REV.CIV. STAT. ANN. art. 5221f § 3(9)); TEX. TAX CODE ANN. § 11.14(b) (Vernon Supp.2004); TEX. TAX.CODE ANN. § 11.432 (Vernon Supp.2004).

7. As required by the civil practice and remedies code, appellee had the Texas Attorney General served with a copy of the proceeding; however, the Attorney General was subsequently dismissed from the case by agreement. TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(b) (Vernon 1997).

8. The tax code defines a taxable improvement as, in relevant part, "a building, structure, fixture, or fence erected on or affixed to land," or "a transportable structure that is designed to be occupied for residential or business purposes, whether or not it is affixed to land, if the owner of the structure owns the land on which it is located, unless the structure ... normally is located at a particular place only temporarily." TEX. TAX.CODE ANN. § 1.04 (Vernon 2001).

9. Rule 41 of the Texas Rules of Civil Procedure provides, in pertinent part, that misjoinder is not ground for dismissal, but an improperly joined action may be severed and docketed as a separate suit between the same parties and proceeded with separately. *See* TEX.R. CIV. P. 41.

have had for the tax year 2001. Further, the summary judgment ordered that appellants take nothing on their cause of action alleging their "dwelling structures" were exempt from taxation or that appellee violated the Texas Constitution in the valuation or assessment of appellants' "dwelling structures" for purposes of taxation. The trial court did not rule that tax code section 11.14(a) was unconstitutional.

## Issues Presented

Appellants' first issue contends that the trial court erred in holding that appellants had failed to exhaust their administrative remedies, therefore, finding that it had no jurisdiction over appellants' claims. Appellants claim they have the right to directly challenge appellee's actions in adding their vehicles to the tax rolls for ad valorem tax purposes as an unconstitutional usurpation of the authority of the Legislature to legislate.[10] Also, appellants point out that in appellee's "Amended Answer and Original Counterclaim for Declaratory Relief," appellee sought to have section 11.14(a) of the Texas Tax Code declared unconstitutional, and they (appellants) were seeking a ruling on the constitutionality of the Legislature's action as well as that of appellee's. Specifically, appellants argue that (1) section 42.09 of the Texas Tax Code is not applicable to dismiss their suit because twenty-three of the thirty-four appellants for the tax year 2000, and seven of the thirty-four appellants for the tax year 2001 were not invoking the procedure for adjudication of the grounds of protest under that section, but were instead urging the Texas Constitution as their authority; and (2) appellee's denial of

tax exemptions on appellants' vehicles is an unconstitutional application and construction of section 11.14(a) of the Texas Tax Code.

In contrast, appellee claims that the Texas Tax Code procedures for adjudicating a tax protest are the exclusive remedies available to a property owner. TEX. TAX.CODE ANN. § 42.09(a) (Vernon 2001). In its brief, appellee outlined the procedure for making a protest and appealing an appraisal review board final order, but appellee did not contend that all of appellants failed to follow the procedure as a prerequisite to the filing of this suit. To the contrary, appellee admitted that a number of appellants (eleven for the tax year 2000 and twenty-seven for the tax year 2001) had perfected their appeals. Both parties admitted that a certain number of unidentified appellants did not seek any administrative remedies.

The trial court found that it did not have jurisdiction[11] and ordered dismissed with prejudice: (1) any cause of action for the tax year 2000 which any of the thirty-four sets of named and identified plaintiffs may have had against appellee; and (2) any cause of action for the tax year 2001 which appellants Ryle Andrews, George and Fran Wrasse, Vassie Miller, Jerry and Carol Wingett, Elva Broker, Jewell and Martha Groover, Larry and Mary Gustin and Richard Parker may have had.

■ As an initial matter, we note that a violation of a taxpayer's constitutional right to an assessment conforming to article VIII, section 1 of the constitution of Texas and the statutes of this state may be

10. The Legislative power of this State shall be vested in a Senate and House of Representatives. TEX. CONST. art. III, § 1.

11. The judgment does not state the reason the trial court denied jurisdiction. The trial court order denying certification states that a class

action cannot be used to alter substantive prerequisites to confer jurisdiction when some of the property owners may not have perfected a de novo appeal pursuant to the Texas Tax Code.

judicially enforced. *Parker County v. Spindletop Oil and Gas Co.,* 628 S.W.2d 765, 768 (Tex.1982); *Whelan v. State,* 155 Tex. 14, 282 S.W.2d 378, 380 (1955); *City of Saginaw v. Garvey Elevators, Inc.,* 431 S.W.2d 575, 579 (Tex.Civ.App.-Fort Worth 1968, writ ref'd n.r.e.); *Corrigan Prop., Inc. v. City of W. Univ. Pl.,* 430 S.W.2d 917, 919–20 (Tex.Civ.App.-Houston [1st Dist.] 1968, no writ). Acts that are prohibited or unauthorized by law are subject to taxpayers' suits for injunctive or other appropriate relief. *Deacon v. City of Euless,* 405 S.W.2d 59, 64 (Tex.1966); 70 Tex. Jur.3d, *Taxpayers' Actions* § 2 (2003).

■ As a general rule, a party must exhaust his administrative remedies before seeking judicial review of agency action. *See, e.g., Tex. Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.,* 830 S.W.2d 88, 90 (Tex.1992). However, the doctrine has no application when there are pure questions of law involved. *See Grounds v. Tolar I.S.D.,* 707 S.W.2d 889, 892 (Tex. 1986). Further, the doctrine has no application where the legal question is one of whether a statute is constitutional: administrative agencies have no power to determine the constitutionality of statutes. *Id.; see Tex. Educ. Agency,* 830 S.W.2d at 90–91. Accordingly, there is no sound reason for forcing a litigant through the administrative process when in good faith he is advancing a substantial complaint that the statute that he is charged with violating is unconstitutional. *Grounds,* 707 S.W.2d at 892. The futility of requiring the exhaustion of administrative remedies in such cases is apparent. *Id.* It is for this reason that exhaustion may be excused wherein substantial constitutional questions are involved. *Id.; see Tex. State Bd. of Pharmacy v. Walgreen Tex. Co.,* 520 S.W.2d 845, 848 (Tex.Civ.App.-Austin 1975, writ ref'd n.r.e.). In other words, "When the only issue raised is constitutionally of the statute, *a court may decide it without waiting for an administrative proceeding.*" 4 K. Davis, *Administrative Law Treatise* 435 (2nd Ed.1983) (emphasis added); *see Cent. Power & Light Co. v. Sharp,* 960 S.W.2d 617, 618 (Tex.1997).

■ Moreover, we note that the question of whether appellee usurped the legislature's authority may be decided in a suit without exhausting administrative remedies. *Cent. Power & Light Co.,* 960 S.W.2d at 618. Therefore, all of the appellants may seek judicial review of the constitutional issues and challenge appellee's actions in assessing their vehicles, notwithstanding some of them did not exhaust their administrative remedies. *Birdville Ind. Sch. Dist. v. First Baptist Church,* 788 S.W.2d 26, 29 (Tex.App.-Fort Worth 1988, writ denied).

■ In the appeal of a case dismissed for want of jurisdiction based on the plaintiff's petition, the appellate court must accept as true all the factual allegations in the plaintiff's petition. *Axtell v. Univ. of Tex.,* 69 S.W.3d 261, 264 (Tex.App.-Austin 2002, no pet.); *see Bland Ind. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000) (trial court can consider evidence on a plea to the jurisdiction when necessary to determine jurisdictional facts). Appellants' petition alleges in pertinent part as follows:

## STATEMENT OF FACTS

13. The Cameron County Appraisal District under the direction of its Chief Appraiser has begun within the last few years to appraise travel trailers and/or park model travel trailers. The travel trailers and/or park models are placed on r.v. or trailer parks on lots that are rented. Typically, title to the real estate lies in another person or entity other than the Class members. Likewise many of these parks have concrete

slabs upon which the travel trailers and/or park models are placed upon. These park models or travel trailers are not manufactured homes as defined by Section 3 of the Texas Manufactured Housing Standard Act, nor are they held or used for the production of income. These park models or travel trailers are not permanently affixed to the land and may be removed when the owner desires to move or vacate the lot. The plaintiffs are limiting their claims for the tax years of 2000 and 2001.

14. The Cameron County Appraisal District is charged by law to prepare a certified tax roll upon which each taxing unit of the county may then assess their taxes. In order to avoid multiplicity of lawsuits and filing a suit against each taxing unit, the appraisal districts unique role permit's the granting of all remedies necessary.

15. Plaintiffs are limiting their lawsuit to the specific description of the property which was rendered and assessed by the Cameron Appraisal District for the years 2000 and 2001. Such descriptions are in the possession of the Defendant.

Appellee argues that appellants' allegation their travel trailers were not permanent fixtures or permanently affixed to realty raises a fact issue thereby preventing the application of the "pure" question of law exception urged by appellants.

Whether appellants' vehicles are permanent fixtures is not a question essential to appellants' action. If appellants' homes are not "manufactured homes," they are exempt under section 11.14(a) whether permanently affixed to realty or not. We disregard such immaterial allegations as surplusage. *Am. Mut. Liab. Ins. Co. v. Parker*, 144 Tex. 453, 191 S.W.2d 844, 848 (1946); *Sekaly v. Hilton*, 340 S.W.2d 827, 828 (Tex.Civ.App.-Waco 1960, no writ). Appellee had the burden under its motion for summary judgment to prove appellants' vehicles were "manufactured homes" as defined by the Manufactured Housing Standards Act and were not recreational vehicles as defined in applicable federal regulations, 24 C.F.R. § 3282.8(g) [12] and were therefore, subject to taxation. Federal regulations defining HUD-code manufactured homes or mobile homes exclude from the definition of "manufactured homes" any vehicle meeting the description of appellants' vehicles, i.e., vehicles designed primarily as temporary living quarters for recreational, camping, travel, or seasonal use, and not for use as a permanent dwelling. Therefore, we conclude that the instant issue does not involve a question of fact.

We have reviewed appellants' petition and, taking the relevant allegations as true, we find the allegations relevant to appellants' cause of action against appellee for violation of the Texas Constitution involve substantial constitutional questions of law, and therefore, appellants were not required to exhaust their administrative remedies. *See Grounds*, 707 S.W.2d at 892. The trial court abused its discretion and made a reversible error of law by failing to recognize and apply these rules to improperly deny class certification, to improperly sever some of appellants' causes of action, and to improperly dismiss appellants' cause of action. TEX.R.APP. P. 44.1(a)(1). Appellants' issue number one is sustained.

---

12. The exclusion of "recreational vehicles" from the definitions of "mobile home" and "HUD-code manufactured home" by 24 C.F.R. § 3282.8(g) is acknowledged and such definitions are declared binding on all local political subdivisions of the State of Texas. *See Tex. Manufactured Housing Assoc., Inc. v. City of Nederland*, 101 F.3d 1095, 1098, 1101 (5th Cir.1996).

In issue number two, appellants claim the trial court erred in granting summary judgment for appellee because the property in question, i.e., travel trailers and park model recreational vehicles, is personal property and exempt from taxation under article VIII, section 1(d)(2) of the Texas Constitution. An appellate court may review and affirm on any ground the movant presented in its motion for summary judgment. *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625 (Tex.1996). Therefore, in considering this issue, we will address each of appellee's grounds for summary judgment. *See id.*

Appellee's first ground for summary judgment, which is a direct attack on an element of appellants' cause of action, complains that appellants' vehicles were used by appellants as "dwellings," and were not exempt because article VIII, section 1(d)(2), authorizing the exemption of personal property from taxation, excepts property used and occupied as "residential dwellings." There was no summary judgment evidence to prove the property was used as "residential dwellings." Appellee relies on allegations in appellants' petition that the vehicles were "dwellings," claiming same were judicial admissions, and that the definition of "dwelling" is the same as "residential dwelling."

The authorities submitted by appellee define a dwelling as a residence but do not define a "dwelling" as the same as a "residential dwelling," and did not construe the Texas Constitution using both words, "residential dwelling." Appellee's authorities are not close enough on point to support its argument that "dwelling" means the same as "residential dwelling" as used in article VIII of the Texas Constitution.

The applicable federal regulation defining "recreational vehicles" [13] which are excluded from the definition of "manufactured homes," [14] includes vehicles designed primarily not for use as a permanent dwelling but as temporary living quarters for recreational, camping, travel, or seasonal use. Therefore, an applicable regulation recognizes a dwelling can be used as temporary living quarters as opposed to a permanent dwelling, and illustrates that appellants' vehicles are temporary living quarters rather than permanent dwellings. Appellee offered no evidence to the contrary. While appellants' pleading could be considered an admission that the vehicles were used as "dwellings," the same could not be a "judicial admission" that the vehicles were used as "residential dwellings." We disagree with appellee's argument on this ground.

 The second ground appellee alleged to support its motion for summary judgment argued that section 11.14(a) of the Texas Tax Code was unconstitutional because it somehow improperly enlarged article VIII of the Texas Constitution. A statute is presumed to be constitutional, and a party opposing a statute has the burden to show it is unconstitutional. *HL Farm Corp. v. Self,* 877 S.W.2d 288, 290 (Tex.1994). Appellee uses section 11.14(a) for the purpose of defeating appellants' claimed tax exemption by claiming their vehicles are "manufactured homes." However, it is a fundamental rule of constitutional law that a court "will not pass upon the constitutionality of a statute at the instance of one who had availed himself of its benefits." *Tex. Architectural Aggregate, Inc. v. Adams,* 690 S.W.2d 640, 643 (Tex.App.-Austin 1985, no writ). Appellee

---

13. 24 C.F.R. § 3282.8(g); *see Tex. Manufactured Housing Assoc., Inc. v. City of Nederland,* 101 F.3d 1095, 1098, 1101 (5th Cir. 1996).

14. *See* former TEX.REV.CIV. STAT. ANN. art. 5221f § 3(u).

cites no applicable authority, or advances no substantive analysis to support its argument the statute is unconstitutional. Failure to cite authority on an issue waives it for appellate review. *See* TEX.R.APP. P. 38.1; *Couch v. Simmons*, 108 S.W.3d 338, 343 (Tex.App.-Amarillo 2003, no pet.).

However, even if there were no waiver, we would conclude that section 11.14 of the Texas Tax Code is constitutional. Appellants cite *Nootsie v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 660–61 (Tex.1996) where the Texas Supreme Court upheld the constitutionality of section 23.51(1) of the Texas Tax Code against a challenge from an appraisal district because it changed its interpretation that an ecological laboratory was an open space under article VIII, section 1(d)(1)(a), entitled to taxation on the basis of its productive capacity. *See id.* We agree with appellants that *Nootsie* is authority to hold section 11.14 of the Texas Tax Code to be constitutional.

■ Further, we hold that appellee's attempt to redefine "residential dwelling" while ignoring the legislative interpretation of the Texas Constitution that only "manufactured homes" are within that definition, in order to exclude appellants' vehicles from the exemption of that statute, was an unconstitutional usurpation of the Legislature's function under article III, section 1 of the Texas Constitution, which vests the legislative power of the State in a Senate and House of Representatives. *See* TEX. CONST. art. III § 1. Article VIII of the Texas Constitution provided the authority for the Legislature to enact a statute to exempt personal property not held or used for the production of income.

Then the Legislature enacted section 11.14(a) of the Texas Tax Code to exempt from taxation all tangible personal property other than *"manufactured homes"* not held or used for production of income. Appellants' vehicles are "recreational vehicles" and not "manufactured homes." We disagree with appellee's argument on this ground.

Appellee's third summary judgment ground states that appellants' vehicles are so affixed to the land, even land owned by another person, that they should be considered "improvements" and taxable as real estate under section 1.04(2) and (3) of the Texas Tax Code. *See* TEX. TAX.CODE ANN. § 1.04(2),(3) (Vernon 2001).[15] As this ground asserts an affirmative defense which is not a direct attack on appellants' cause of action, we must determine whether appellee proved each element of its defense as a matter of law. *See Garcia*, 859 S.W.2d at 430–31. Appellee changes its position in two respects: (1) that appellants' vehicles are personal property residential dwellings as it urged in its first ground; and (2) that section 11.14(a) of the Texas Tax Code is unconstitutional.

There is no question that the State has the jurisdiction to tax all real and tangible personal property unless exempt by law. *See* TEX. TAX CODE ANN. § 11.01(a) (Vernon 2001) (all real and tangible personal property that the state has jurisdiction to tax is taxable unless exempt by law). However, the question in this case is whether appellants' vehicles are included within the definition of property entitled to an exemption. To be entitled to the exemption afforded personal property, it is immaterial whether the property is affixed to the land.

---

**15.** Under the code, "real property" includes "an improvement," and an "improvement" means, among other things, "a building, structure, fixture, or fence erected on or affixed to land," or "a transportable structure that is designed to be occupied for residential or business purposes, whether or not it is affixed to land, if the owner of the structure owns the land on which it is located . . . ." TEX. TAX CODE ANN. § 1.04(2)(B), (3) (Vernon 2001).

■ To be an improvement as claimed by appellee, appellants' vehicles would have to have been so attached to the realty that they could not be removed without materially damaging the real estate and thus became the property of the owner of the land. *Melendez v. State*, 902 S.W.2d 132, 137–38 (Tex.App.-Houston [1st Dist.] 1995, no writ). A three-part test to determine whether a chattel has become an immovable fixture has been well-established in Texas. That test is:

(1) Has there been a real or constructive annexation of the property in question to the realty?

(2) Was there a fitness or adaptation of the article to the uses or purposes of the realty with which it is connected?

(3) Was it the intention of the party making the annexation that the chattel should become a permanent accession to the freehold?

*Cantu v. Harris*, 660 S.W.2d 638, 641 (Tex. App.-Corpus Christi 1983, no writ). Intention is the touchstone of the inquiry, and the first two factors constitute evidence of intent. *Logan v. Mullis*, 686 S.W.2d 605, 608 (Tex.1985). But as between a landlord and his tenant the strictness of the ancient rule has been much relaxed. *Harkey v. Cain*, 69 Tex. 146, 6 S.W. 637, 638–39 (1887). The law of fixtures as between landlord and tenant is summarized in Texas Jurisprudence as follows:

Property annexed to or placed on land by a tenant that has not become a fixture but retains its character as personalty is removable against the will of the owner of the freehold.

A liberal rule prevails in determining whether items that lessees and tenants place on land have become affixed permanently; as between landlord and tenant, the tenant is allowed the greatest latitude. Absent an agreement, the tenant or landlord's right to an improvement constructed by the tenant on leased premises generally depends on whether the tenant intended, at the time the improvement was constructed, that it be affixed permanently or only temporarily to the land. There is a further legal presumption that a tenant at will, in erecting improvements, does not intend to enhance value of the freehold. Such a tenant, accordingly, does not have the burden of proving an agreement and the consent of a landlord to establish his or her right to remove the improvements.

Additionally, as between landlord and tenant, a tenant may remove during or at the lease term certain classes of property affixed by him or her, without the consent of the landlord, if the removal can be effected without material injury to the freehold. These classes include trade fixtures and items erected for trade purposes combined with other objects, agricultural fixtures, and fixtures set up for the purpose of ornament or convenience, or for domestic use.

41 Tex. Jur.3d *Fixtures* § 18 (2003).

■ Generally, whether a particular item is a fixture or personalty is a question of fact, and should be determined by the fact finder. *See Melendez*, 902 S.W.2d at 137. However, if reasonable minds could not differ, the issue is one of law. *Id.; see also Exch. Sav. & Loan Ass'n v. Monocrete Pty. Ltd.*, 629 S.W.2d 34, 37 (Tex. 1982). Thus, our task in reviewing this issue is to determine whether reasonable minds could differ concerning the nature of appellants' vehicles as realty in this case.

■ Appellants do not disclaim ownership of their vehicles, and their landlords do not claim ownership of the vehicles. Appellee cannot impose a transfer of ownership from appellants to their landlords in

order to collect taxes on the land as well as the vehicles. Such transfer of title of appellants' rights to property would be without their consent, and illegal, and would amount to appellee forcing its will and intent on appellants. Considering that: (1) appellants' vehicles are of such nature they were not part and parcel of the land where they were parked, and could be removed without injury to the land where parked; (2) the parking spaces are prepared and intended for such vehicles to move in and move out from time to time; (3) appellants were using their vehicles in a normal and intended manner; and (4) appellants still own their vehicles, we conclude that there is a strong inference that appellants did not intend to permanently affix their vehicles to their rented spaces so they became fixtures and property of their landlords. It is safe to presume appellants do not intend that, by hooking up their vehicles, they will cede ownership of the vehicles to the trailer park operators. *See* Op. Tx. Att'y Gen. No. JC–1050 (1999). We conclude that reasonable minds could not differ as to appellants' intent. We find as a matter of law that appellants did not intend to affix their travel trailers and park model mobile homes so that they became "improvements" as defined in section 1.04(3) of the Texas Tax Code.

Appellants' vehicles were "transportable structures" designed to be occupied for residential or business purposes, whether or not affixed to land, but are not taxable since they were not owned by the owner of the land on which they were located. *See* Tex. Tax.Code Ann. § 1.04(3)(B) (Vernon 2001). If the vehicles were "improvements," the owner of the trailer park land, and/or his land should have been the target of the tax assessor, not appellants, because appellants' title to the vehicles would have merged into the landowners' title to the land. *Franz v. Katy ISD,* 35

S.W.3d 749, 755 (Tex.App.-Houston [1st Dist.] 2000, no pet.). This did not occur. Appellants retained title to the vehicles as personal property. Appellee recognizes appellants, not the landowners, as the owners of the vehicles.

Although appellee failed to prove appellants' vehicles were affixed in such a manner as to be an "improvement," the trial court held:

> The court also finds that the term improvement is broader than the term fixture, and that "dwelling structures" are presumed to be affixed to land and thus improvements to land, such that the defendant has not violated TEX. TAX CODE § 11.01(a) and (b) or § 1.04(3) by certifying the dwelling structures as taxable.

Appellee has not cited authority to support such presumption, and we know of no such authority. The trial court made a harmful error in making such presumption, which probably caused the rendition of an improper judgment. Tex.R.App. P. 44.1(a)(1).

Appellee's motion for summary judgment also claims that appellants' vehicles are not recreational vehicles but are manufactured homes and not entitled to exemptions under section 11.14(a) of the Texas Tax Code.

Appellee's summary judgment proof does not prove appellants' vehicles are "manufactured homes" because there was no proof that they were not recreational vehicles, as defined by 24 C.F.R. section 3282.8(g), which are excluded from the definition of "manufactured homes" in article 5221f, § 3(9) of the Texas Civil Statutes. Specifically, there was no proof: (1) appellants' vehicles were not permanently towable by a light truck merely because appellee's appraiser did not observe a trailer hitch attached to some of the vehicles, without stating how hard he looked for the

hitch or whether he asked any knowledgeable person whether the hitches were permanently unhitched from the trailers, or just stored out of sight temporarily; or (2) appellants' vehicles were designed primarily for use as a permanent dwelling and not as temporary living quarters for recreational, camping, travel, or seasonal use. Such proof was essential to establish appellants' vehicles were not entitled to a tax exemption under section 11.14(a) of the Texas Tax Code.

On appellate review, a summary judgment is not entitled to the same deference given to a judgment following a trial on the merits. When reviewing the granting of a summary judgment, this Court cannot view the evidence in the light most favorable to the judgment of the trial court.

The nonmovant has no burden in response to a motion for summary judgment based on an affirmative defense when the motion fails to conclusively establish each element of the affirmative defense. *See Garcia,* 859 S.W.2d at 429–30. In reviewing a summary judgment, the question is not merely whether the nonmovant raised a material fact issue to defeat the motion. *Id.* Rather, the movant must prove it was entitled to judgment as a matter of law. *Id.* Appellee failed to prove it was entitled to judgment as a matter of law by not proving appellants' vehicles were "manufactured homes." We disagree with appellee's argument on this ground.

Because appellee was not entitled to summary judgment, as a matter of law, notwithstanding there was no genuine issue of material fact, we conclude the trial court's error in granting summary judgment for appellee on one or more of appellee's grounds for summary judgment probably caused the improper rendition of judgment and we remand the case for a trial on the merits. *See Gibbs,* 450 S.W.2d

at 828–29; TEX.R.APP. P. 44.1(a)(1). Appellants' issue number two is granted.

Appellants' third issue complains the trial court erred in providing more relief than was requested by appellee. In view of our rulings on appellants' first two issues it will be unnecessary to address and rule on appellants' third issue. *See* TEX. R.APP. P. 47.1.

## Class Certification

█ In issue number four, appellants claim the trial court erred in denying class certification, and in issue number five, appellants claim the trial court erred in finding that all members of the class must exhaust their administrative remedies. Appellee argues that we should not consider appellants' issues four and five because appellants' notice of appeal, while stating the date of the judgment, does not state the date of the order denying certification. *See* TEX.R.APP. P. 25.1(d)(2). Appellee cites no authority and does not advance substantive analysis to develop an argument as to why we should not consider these issues. We consider such failure by appellee to be a waiver of its argument to prevent us from reviewing the fourth and fifth issues. TEX.R.APP. P. 38.1(h); *see Couch,* 108 S.W.3d at 343. Even if there were no waiver, and assuming a defect in appellants' notice of appeal as alleged, we hold the notice of appeal as filed was substantially correct. Moreover, since this is a pending appeal from an interlocutory order, on a party's motion or on the appellate court's own initiative, the appellate court may review a further appealable interlocutory order concerning the same subject matter. *See* TEX.R.APP. P. 29.6(a)(1). We believe appellants' issues four and five should be reviewed, notwithstanding appellee's complaint, especially since appellants have not been afforded an opportunity to correct the defect, if any.

*Maxfield v. Terry,* 888 S.W.2d 809, 810–11 (Tex.1994) (dismissing appeal is improper "if appellants timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, [unless] the court of appeals ... allows appellants an opportunity to amend or refile the instrument ... to perfect the appeal").

In summary, we have ruled: (1) appellants are not required to prove they exhausted administrative remedies under section 42.09 of the Texas Tax Code; (2) that appellants' vehicles as alleged are recreational vehicles, not residential dwellings, manufactured homes, fixtures, or improvements, and are entitled to the exemption from ad valorem taxes afforded personal property by article VIII, section 1(1)(d) of the Texas Constitution and section 11.14(a) of the Texas Tax Code; and (3) the class definition is sufficient as alleged except the allegations "are not permanently affixed to realty" are not necessary to the definition and may be eliminated or disregarded as surplusage. If appellants or future class members prove they owned vehicles within the class definition during the tax years 2000 and 2001 and paid ad valorem taxes on their vehicles for either or both years, they are entitled to the relief they seek. If a prospective class member's vehicle description is not within the class definition, for example, if the property is a residential dwelling, manufactured home, a fixture or an improvement, then he or she could not be admitted to the class.

A class certification hearing was conducted by the trial court at which the court was made aware of the following facts:

1. The class would consist of persons who owned travel trailers or park models;

2. The travel trailers or park models were situated on lots not owned by the travel trailer or park model owners;

3. The travel trailers or park models were being subjected to assessment by the Appraisal District;

4. The travel trailers or park models were not manufactured homes; and,

5. The travel trailers or park models were not held or used for production of income.

The issues which were addressed at the certification hearing included:

1. whether the proposed class definition was ascertainable;

2. whether a taxpayer who has not paid the tax could sue;

3. what are travel trailers and park models;

4. whether the proposed class would circumvent exhaustion of administrative remedies under section 42.09 of the Texas Tax Code;

5. the fact travel trailers and park models are clearly identifiable because the appraisal district has them identified on the tax rolls and they have titles like motor vehicles, but different from manufactured homes titles;

6. whether travel trailers and park models are recreational vehicles;

7. how long some people live in their vehicles;

8. whether a person may have two dwellings; and

9. the identification of the title certificate to a manufactured home.

The trial court's order denied appellants' request for class certification because the proposed class was "not clearly ascertainable" and, without specifying in what respect, found the claimants had not established the necessary requirements of Rule 42 of the Texas Rules of Civil Procedure. Further, the trial court found as a matter

of law that class action procedure cannot be used to alter the substantive prerequisites to recovery by conferring jurisdiction over any cause of action which other unidentified property owners may have had, absent a showing that such other property owners also properly perfected a de novo appeal pursuant to the tax code or that the court has some other basis of jurisdiction over any cause of action they may have had.

On interlocutory appeal from an order that certifies or refuses to certify a class action, the appellate court does not consider questions related to the merits of the class claims, nor does it consider the probability of the class's success on the merits; however, the appellate court may consider all matters pertaining to class certification encompassed within the certification order. *In re M.M.O.*, 981 S.W.2d 72, 79 (Tex.App.-San Antonio 1998, no pet.).

The threshold inquiry in class determination must be into the parameters of the proposed class. *Intratex Gas Co. v. Beeson*, 22 S.W.3d 398, 403 (Tex.2000). Rule 42 implicitly requires the representative plaintiffs to demonstrate not only that an identifiable class exists, but that it is susceptible to precise definition. *Id.* For a class to be sufficiently defined, it must be precise: the class members must be presently ascertainable by reference to objective criteria. *Id.* This means that the class should not be defined by criteria that are subjective or that require an analysis of the merits of the case. *Id.* The following class definition was proposed by appellants:

> All individuals located in Cameron County, Texas who own park model or travel trailers located on r.v. or travel trailer parks, who have been either previously taxed and/or whom the Cameron County Appraisal District has sought to ap-

praise for the purpose of placing the park model or travel trailers on the tax rolls of various taxing entities within Cameron County, Texas and whose park models and/or travel trailers are not permanently affixed to realty not owned by them and the travel trailer or park model are not held or used for the production of income.

This definition is based on objective criteria except for the portion excluding park models and travel trailers permanently affixed to realty. However, as we concluded above, any reference to whether the vehicles are permanently attached is not relevant to appellants' claim that their vehicles were exempt as personal property, and may be ignored or deleted. The class members can be easily ascertainable from the description (and notified) because they are on the tax rolls in Cameron County for the years 2000 and 2001, the only years appellants are claiming relief. Although we have analyzed the merits to an extent necessary to address the summary judgment issues, it was not necessary to a definition of the class. To be included as a member of the class, to determine the scope of the class, or the maintainability of the class action is not contingent upon deciding the merits of the suit. *Id.; see Intratex*, 22 S.W.3d at 404. However, that a class is defined with reference to an ultimate issue of causation does not prevent certification. *Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 624 624 n. 1 (5th Cir.1999).

A taxpayer is not required to prepay the tax in order to maintain a taxpayer suit. *Rylander v. Bandag Licensing Corp.*, 18 S.W.3d 296, 302–03 (Tex.App.-Austin 2000, pet. denied). Appellants claim they have paid the tax, but whether any class member has prepaid any or all the tax is immaterial. *Id.; see Veltmann v. Slator*, 200 S.W. 539, 540 (Tex.Civ.App.-

San Antonio 1918) (*certified question answered,* 110 Tex. 198, 217 S.W. 378 (1919)); 70 TEX. JUR.3D, *Taxpayers' Actions* § 3 (2003).

As we have already ruled above on appellants' issues numbers one and two that appellants' suit may be maintained without proof of the exhaustion of administrative remedies under section 42.09 of the Texas Tax Code, and that appellants' vehicles were not manufactured homes, residential dwellings, fixtures or improvements to land, it is not necessary to address the remaining concerns of the trial court and appellee as to certification.

 Appellants' proposed class action otherwise meets the prerequisites of Rule 42 of the Texas Rules of Civil Procedure and one or more members of the class may sue as representative parties on behalf of all. First, the class is so numerous that joinder of all members is impracticable. TEX.R. CIV. P. 42(a)(1). Appellee does not dispute appellants' representation that hundreds, if not thousands, of owners of travel trailers and park models who fit the definition are in Cameron County. Appellee's response to this question is that the taxpayers' only remedy is for them to protest and exhaust administrative remedies under section 42.09 of the Texas Tax Code. We have ruled contrary to appellee's position by granting appellants' issues one and two. It would be impracticable to join all of the members of the proposed class. *Chevron U.S.A., Inc. v. Kennedy,* 808 S.W.2d 159, 161 (Tex.App.-El Paso 1991, writ dism'd w.o.j.) (there is no hard and fast rule as to number, since numerosity is tied to impracticality under the specific circumstances). It would not be economically feasible to obtain relief by the traditional method of a multiplicity of small individual suits, and such would use up many judicial resources. *Id.; see Nissan,* 27 S.W.3d at 586.

 Second, there are questions of law or fact common to the class. TEX.R. CIV. P. 42(a)(2). The issue of law common to all class members is whether appellee unconstitutionally assessed the members' vehicles for ad valorem taxation and denied applicable exemptions from taxation. Questions common to the class are those which, when answered as to one class member, are answered as to all class members. *See Nissan,* 27 S.W.3d at 588. Also, there is the common question of whether all of the class members are entitled to a declaratory judgment that appellee's actions in denying the tax exemptions to class members and taxing their vehicles are unconstitutional and illegal for the tax years 2000 and 2001, and appellee is prohibited from assessing and taxing class members' vehicles in years subsequent to 2001, provided the applicable law remains unchanged. *Rio Grande Valley Gas Co. v. City of Pharr,* 962 S.W.2d 631, 643 (Tex. App.-Corpus Christi 1997, pet. dism'd).

Third, the claims or defenses of the representative parties are typical of the claims or defenses of the class. TEX.R. CIV. P. 42(a)(3). The class representatives' claims arise from the same alleged illegal conduct of appellee and arise from the same statutes. *Adams v. Reagan,* 791 S.W.2d 284, 290 (Tex.App.-Fort Worth 1990, no writ). Appellee argues that the amounts of the taxes claimed will be different with each class member. However, the claims or defenses need not be identical or perfectly coextensive, only substantially similar. *Dresser Ind., Inc. v. Snell,* 847 S.W.2d 367, 372 (Tex.App.-El Paso 1993, no writ).

Fourth, the representative parties will fairly and adequately protect the interests of the class. TEX.R. CIV. P. 42(a)(4). Appellee argues, without explanation, that there is a conflict between the representatives who exhausted their administrative remedies under the Texas Tax Code and

the representatives who did not. However, there would be no reason for such a conflict because we have ruled in issue number one herein that it is not necessary to exhaust administrative remedies under the code in order to maintain this suit.

An action may be maintained as a class action if the prerequisites of rule 42(a) are satisfied, and in addition one of the requirements listed in rule 42(b). *See generally* Tex.R. Civ. P. 42. Appellants claim the suit is within one or more of the requirements of rule 42(b) as follows.

Appellants argue that the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class. Tex. Civ. P. 42(b)(1)(A). The increased number of prospective class members after certification, added to the number of appellants, together with the actions and theories of appellee, which we assume would continue if the claims were handled on a one-by-one basis, would create the risk of inconsistent or varying adjudications with respect to members of the class thereby establishing incompatible standards of conduct for appellee.

Appellants further argue that the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Tex.R. Civ. P. 42(b)(2). The continued conduct of appellee being generally applicable to the class makes final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole.

Appellants contend that the object of the action is the adjudication of claims which do or may affect specific property involved in the action. Tex. Civ. P. 42(b)(3). The object of this action is the adjudication of claims for tax exemptions on specific property owned by appellants and involved in this action.

■ Appellee claims that appellants failed to specify how they met requirements under rule 42(b)(1), (b)(2), or (b)(3) and that appellants only claimed under rule 42(b)(4) in alleging that a question of law common to the members of the class predominated over any questions affecting only individual members, and in alleging that a class action was superior to other available methods for a fair and efficient adjudication of the controversy. Appellee claims appellants' position that the question of law common to the members of the class is whether their property is exempt from taxation under the Texas Constitution and not whether their properties are affixed to land, and considering the wording of the class definition, such question would not predominate over questions affecting individual members. However, we ruled in issue number one that if a prospective class member's vehicle meets the class definition, it is immaterial whether it is affixed to land. The test for evaluating predominance of common issues required for class certification is not whether common issues outnumber uncommon issues, but instead whether common or individual issues will be the object of most of the efforts of litigants and court. *Southwestern Ref. Co. v. Bernal,* 22 S.W.3d 425, 434 (Tex.2000).

■ We conclude the common predominate issue is whether appellants' vehicles are exempt from taxation, not whether they are affixed, and that a class action is a superior method for a fair and efficient adjudication of the controversy. Further, we find that this suit encompasses the requirements under rule 42(b)(1)(A), (b)(2),

(b)(3), and (b)(4), and that appellants have complied with rule 42(a) of the Texas Rules of Civil Procedure and have made a sufficient showing for the trial court to certify the case as a class action. Class actions by taxpayers against taxing authorities is a recognized remedy which may be pursued for wrongful assessments. *Parker County,* 628 S.W.2d at 767–68.

A class certification order will be reversed only if the record shows a clear abuse of discretion. *Nissan Motor Co. v. Fry,* 27 S.W.3d 573, 580 (Tex.App.-Corpus Christi 2000, pet. denied). A trial court abuses its discretion if it acts arbitrarily, unreasonably or without reference to any guiding principles. *Id.* The trial court failed to follow guiding principles and abused its discretion in finding appellants were required to exhaust administrative remedies under the Texas Tax Code in order to maintain this suit and in finding that appellants' vehicles were either improvements to land or manufactured homes. This error of law is reversible as it probably caused the rendition of an improper judgment. Tex.R.App. P. 44.1(a)(1). Appellants' issues number four and five are granted.

Accordingly, the summary judgment, the order denying class action certification, and the severance order, are reversed and remanded to the trial court for proceedings consistent with this opinion.