IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS

 

════════════

No. 04-0359

════════════

 

Cameron Appraisal District,
Petitioner,

 

v.

 

Thora O. Rourk, et al.,
Respondents

 

════════════════════════════════════════════════════

On Petition for Review from the

Court of Appeals for the Thirteenth District
of Texas

════════════════════════════════════════════════════

 

 

PER CURIAM

 

The
Cameron Appraisal District assessed ad valorem taxes against the owners of 34
travel trailers for the tax years 2000 and 2001. After some but not all filed
unsuccessful administrative protests and then timely appeals in the district
court, the latter (1) dismissed for lack of jurisdiction the claims by those
who had not exhausted administrative remedies, (2) granted summary judgment
against the remainder because their trailers were taxable as a matter of law,
and (3) refused to certify a class action. The court of appeals reversed,
finding error in all three rulings. 131 S.W.3d 285 (Tex. App.–Corpus Christi
2004).[1] Because exhaustion of
administrative remedies was mandatory, we reverse. See Tex. Gov’t Code § 22.225(d). 

The
Texas Tax Code provides detailed administrative procedures for those who would
contest their property taxes. See
§§ 41.01-.71. Administrative decisions are final if not appealed to the
district court within 45 days. Id. § 42.21(a). The administrative
procedures are “exclusive” and most defenses are barred if not raised therein. Id.
§ 42.09.[2] Thus, we have repeatedly
held that “a taxpayer’s failure to pursue an appraisal review board proceeding
deprives the courts of jurisdiction to decide most matters relating to ad
valorem taxes.” Matagorda County Appraisal Dist. v. Coastal Liquids
Partners, L.P., 165 S.W.3d 329, 331 (Tex. 2005); Gen. Elec. Credit Corp.
v. Midland Cent. Appraisal Dist., 826 S.W.2d 124, 125 (Tex. 1992) (per
curiam); Webb County Appraisal Dist. v. New Laredo Hotel, Inc., 792
S.W.2d 952, 954‑55 (Tex. 1990); see also In re Entergy Corp., 142
S.W.3d 316, 321‑22 (Tex. 2004) (applying the same rule generally when an
agency has exclusive original jurisdiction).

Here,
the summary judgment record establishes that some of the named taxpayers
pursued administrative remedies and filed timely appeals, but others did not. The
record does not indicate how many unnamed class members might be in either
category. By mandating class certification of all claims nonetheless, the court
of appeals allowed taxpayers to bypass the statutorily required administrative
remedies. A class action cannot be used to alter these statutory prerequisites
to taxpayer recovery. See Henry Schein, Inc. v. Stromboe, 102 S.W.3d
675, 693 (Tex. 2003); Sw. Ref. Co. v. Bernal, 22 S.W.3d 425, 437 (Tex.
2000).

The
court of appeals held the exhaustion requirements inapplicable because purely
legal and constitutional questions were involved here. 131 S.W.3d at 292. We
disagree. In addition to claiming that taxing their trailers was
unconstitutional, the taxpayers claim that their trailers were nontaxable “recreational
vehicles” rather than taxable “manufactured homes” due to their size, shape,
and intended use. See Tex. Tax
Code § 11.14 (incorporating by reference id. § 11.432(c), Tex. Occ. Code § 1201.003(9) &
(15), and 24 C.F.R. § 3282.8(g)). 

The
taxpayers here are seeking more than a declaration that taxing trailers is
unconstitutional — they are seeking to have their individual assessments set
aside. While the former claim need not be brought administratively, the latter
must. See Texas Workers’ Comp. Comm’n v. Garcia, 893 S.W.2d 504, 519
(Tex. 1995).

The
Texas Constitution expressly allows the Legislature to bestow exclusive
original jurisdiction on administrative bodies. See Tex. Const. art. V, § 8. There is no
question the Legislature intended to do so here. By finding “no sound reason”
to require exhaustion, see 131 S.W.3d at 292, the court of appeals
simply substituted its own judgment for that of the Legislature. Accordingly,
the court of appeals erred in reversing the trial court’s partial dismissal and
requiring certification of a class of taxpayers who had failed to pursue
administrative remedies.

We
agree, however, with the court of appeals that fact issues preclude finding the
remaining taxpayers’ trailers taxable as a matter of law as “manufactured homes”
rather than “recreational vehicles.” Whether a class can be certified as to
those claims is a matter that must be decided by the trial court in the first
instance. See Schein, 102 S.W.3d at 700. Accordingly, without hearing
oral argument, see Tex. R. App.
P. 59.1, we reverse the court of appeals’ judgment in part and remand to
the trial court for further proceedings.

 

Opinion delivered: June 2, 2006









[1] Although remanding to the trial court for class
certification, the court of appeals appeared to approve a class of “[a]ll
individuals located in Cameron County, Texas who own park model or travel
trailers located on r.v. or travel trailer parks, who have been either
previously taxed and/or whom the Cameron County Appraisal District has sought
to appraise for the purpose of placing the park model or travel trailers on the
tax rolls of various taxing entities within Cameron County, Texas and whose
park models and/or travel trailers . . . are not held or used for the production
of income.” 131 S.W.3d at 300.





[2] Those who do not file administrative protests may
still assert that (1) they did not own the property, or (2) the property was
outside the boundaries of the taxing unit. See Tex. Tax Code '
42.09(b). The class here asserts neither.