Jamie Reese ROBERTS, Individually and as Independent Co–Executor of the Estate of Virginia R. Reese and Whitney Elizabeth Reese, Tindal Harding Reese, John B. Reese, and Courtney King Reese, Appellants,

v.

Charlotte Jane SQUYRES, Shane Hastings Squyres, and First Bank and Trust East Texas, Appellees.

No. 09–98–034CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 2, 1999.

Decided Nov. 18, 1999.

Rehearing Overruled Dec. 9, 1999.

Deborah J. Race, Ireland, Carroll & Kelly, Tyler, for appellant.

Walter L. Borgfeld, Jr., Robert T. Cain, Jr., Zeleskey, Cornelius, Hallmark, Roper & Hicks, Lufkin, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

This appeal arises from a declaratory judgment action filed by First Bank &

Trust East Texas ("Bank") to determine rights to assets of a trust created in 1971 by Eddy Taylor Clark III ("Clark III"), now deceased, for the benefit of his son, Eddy Taylor Clark IV ("Clark IV), also now deceased. The trial court ruled that the estate of Clark IV was entitled to the trust assets. Relatives of Clark III bring this appeal, contending the trust failed and its assets belong to Clark III's estate. We agree.

## Factual Background

The facts are undisputed, though lengthy and complicated by the deaths of Clark III, Clark IV, and two potential heirs of Clark III's estate. The parties filed an agreed statement of facts and other stipulations that was recited in the trial court's judgment and later adopted by the trial court as its findings of fact.

Prior to their 1971 divorce, Clark III and his wife Charlotte Jane Clark ("Charlotte") had one child, Clark IV, born June 8, 1966. In connection with their divorce, Clark III and Charlotte entered into a Child Support and Property Settlement Agreement ("Agreement") that was made a part of their divorce decree. The Agreement provided for Clark III to establish a trust sufficient in size to pay child support in the amount of $200 per month until Clark IV reached the age of majority or married.

The trust established by Clark III exceeded the requirements of the Agreement by allowing the trustee discretion to distribute amounts from net income in addition to the required $200 in order to provide for Clark IV's education, welfare, and comfort. Further, the trust was to continue past Clark IV's twenty-first birthday, with distributions of corpus as provided below:

### ARTICLE II

After the Grantor's son, Taylor Clark IV, shall attain the age of 21 years, the Trustee shall pay over to him or apply on his behalf the entire net income of his fund until he shall attain the age of 25 years at which time the Trustee shall distribute ⅓ of the corpus to the beneficiary in fee. The remainder of the Trust shall continue and the net income therefrom shall be paid to the said beneficiary or applied on his behalf until he shall attain the age of 30 years at which time the trust hereunder shall terminate and the corpus thereof shall be distributed to Taylor Clark IV.

Clark III died in 1971, shortly after creating the trust. Clark IV, the trust's sole beneficiary, died on March 30, 1996, less than three months before reaching age thirty. While the trust provided that when Clark IV reached age thirty the trust would terminate and he would receive all corpus, it made no provision for distribution if he died before then.

The trial court found that Clark IV's trust interest did not terminate on his death, but instead passed to his estate. The sole beneficiaries of his will and his sole heirs at law are his mother Charlotte Jane Squyres (formerly Charlotte Jane Clark) and his half-brother, Shane Hastings Squyres.

When Clark III died in 1971, he left all of his property to his mother, Lillian Clark Cooper ("Lillian"). His will provided:

I have one son, Eddy Taylor Clark IV, who was 4 years old on the 8th day of June 1970, and who is now in the custody of his mother. My wife has instituted legal proceedings in the State of Wyoming, which is her temporary residence, against me for a divorce. Until this matter is finally settled, including the custody of my son, I make no provision herein for his support, welfare and education. I leave this matter entirely within the sole and exclusive jurisdiction and right of my beloved mother, who, if good reason exists will make adequate provisions for my son. This provision shall not impair her absolute right to all the property I die seized and possessed of.

Lillian died in 1988, leaving her personalty and residence to her grandson Clark IV. The rest and residue of her estate was left in trust for various uses, and one of its beneficiaries was Clark IV. Lillian's will provided for the trust to continue if Clark IV survived both her and her husband and was not yet thirty-five years old. Clark IV was to receive one-third of the principal at age twenty-five, one-half of the balance at age thirty, and the remainder at age thirty-five. If Clark IV died without lineal descendants prior to reaching age thirty-five, then the trust assets passed to Lillian's sister, Virginia Reese.

On July 31, 1996, Virginia Reese disclaimed her interest in the trust created by Taylor Clark III, in 1971, and specified that her disclaimer "[was] and shall be binding upon my heirs, executors, administrators, estate, successors, agents, legal representatives, and assigns." On August 15, 1996, Virginia Reese died. The beneficiaries of her will and heirs at law were named in the stipulations as her daughter, Jamie Reese Roberts, and her grandchildren, Whitney Elizabeth Reese, Tindal Harding Reese, Erin Elizabeth Reese, Courtney King Reese, and John B. Reese, who with the exception of Erin, are the appellants in this cause. Erin assigned her interest to John B. Reese.

### Issues

Appellants bring two issues. In the first, they contend the trial court failed to apply the proper legal standards and tests in making its determination that the parties to the trust agreement did not intend for Clark IV's interest to terminate upon his death and that the trust did not terminate but passed to his estate. In their second issue, appellants argue the evidence was legally and factually insufficient to support the trial court's finding that Clark III intended for the trust to pass to Clark IV's heirs if he died before age thirty.

### Standard of Review

■ We review declaratory judgments under the same standards as other judgments and decrees. *FDIC v. Projects Am. Corp.*, 828 S.W.2d 771, 772 (Tex.App.— Texarkana 1992, writ denied). We look to the procedure used to resolve the issue at trial to determine the standard of review on appeal. Here, because the case was resolved by an agreed statement of facts, we review the propriety of the declaratory judgment under the standards applied to judgments rendered upon an agreed statement of facts. *See, City of Galveston v. Giles*, 902 S.W.2d 167 (Tex.App.—Houston [1st Dist.] 1995, no writ); *Unauthorized Practice of Law Committee v. Jansen*, 816 S.W.2d 813, 814 (Tex.App.—Houston [14th Dist.] 1991, writ denied).

■ A case submitted to the trial court upon an agreed stipulation of facts is in the nature of a special verdict and is a request by the litigants for judgment in accordance with the applicable law. *Giles*, 902 S.W.2d at 170. The trial court and the reviewing court may not, unless provided otherwise in the agreed statement, find any facts not conforming to the agreed statement. *State Bar of Texas v. Faubion*, 821 S.W.2d 203, 205 (Tex.App.— Houston [14th Dist.] 1991, writ denied). Therefore, the sole question on appeal is, "Did the trial court correctly apply the law to the admitted facts?" *See Commission for Lawyer Discipline v. Sherman*, 945 S.W.2d 227, 228, (Tex.App.—Houston [1st Dist.] 1997, no writ); *Faubion*, 821 S.W.2d at 205. We find that the trial court incorrectly applied the law to the agreed facts, and sustain issue one.

### Analysis

■ A trust fails when it becomes impossible to accomplish its intended purposes. *See, Cushing v. Fort Worth Nat'l Bank*, 284 S.W.2d 791, 793 (Tex.Civ.App.— Fort Worth 1955, writ ref'd n.r.e.). Here, the trust established by Clark III failed. Under the terms of the trust, the remaining corpus was to be distributed to Clark

IV upon his reaching age thirty. He did not attain the age of thirty; therefore, the terms of the trust became impossible to fulfill.

█ "When an express trust fails, the law applies a resulting trust with the beneficial title vested in the grantor, or in case of his death, his estate and devisees." *Richardson v. Laney*, 911 S.W.2d 489, 493 (Tex.App.—Texarkana 1995, no writ); *see Brelsford v. Scheltz*, 564 S.W.2d 404, 406 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). This general rule is expressed in the Restatement of Trusts: "Where the owner of property gratuitously transfers it and properly manifests an intention that the transferee should hold the property in trust but the trust fails, the transferee holds the trust estate upon a resulting trust for the transferor or his estate, unless the transferor properly manifested an intention that no resulting trust should arise or the intended trust fails for illegality." RESTATEMENT (SECOND) OF TRUSTS § 411 (1959).

█ The Restatement also provides that the resulting trust can be rebutted, "if the transferor properly manifested an intention that no resulting trust should arise upon the failure of the trust." RESTATEMENT (SECOND) OF TRUSTS § 412 (1959). In the trust itself, Clark III manifested no intention that no resulting trust should arise upon the failure of the trust. Further, the parties stipulated that, "The trust agreement does not explicitly state how the property subject to the trust should be distributed under these circumstances." Also, the original petition states, "There are no provisions in the Trust Agreement which contain any directions for the termination of the Trust and disposition of Trust Assets in the event of Taylor Clark, IV's death prior to attaining thirty (30)

years of age." Moreover, in their trial court argument, appellees admitted: "Now, unfortunately, Eddy Taylor Clark, IV, did not reach age thirty. The parties apparently did not contemplate expressly what would happen to the trust assets in that event." If the parties did not contemplate what would happen to the trust assets if Clark IV died before age thirty, then Clark, III could not have manifested an intent that no resulting trust arise on the failure of the trust as is required by the Restatement. *See* RESTATEMENT (SECOND) OF TRUSTS at § 412.

However, appellees argue that the trust did not fail because its language shows the settlor intended to convey a vested interest in the corpus, with a delayed right of possession. Appellees note the following language in support of their argument: (1) Taylor IV was the only beneficiary of the trust; (2) the trust provided in mandatory terms that the trustee "shall pay" the entire net income to Clark IV upon his reaching age 21, and "shall distribute" one third of the corpus to Clark IV at age 25, and the remainder at to him at age 30; and (3) the trustee is directed to deliver the corpus to Clark IV "in fee." Appellees assert this language shows the settlor's intent to convey a present, rather than a future, interest in the trust corpus to his son. We disagree. Here, whether through design or otherwise, Clark III did not include any language in the trust that can be construed to dispose of the remaining trust assets in the event that Clark IV died before reaching age thirty. *Cf. Harrington v. Walker*, 829 S.W.2d 935, 937 (Tex.App.—Fort Worth 1992, writ denied). Therefore, we refuse to speculate as to Clark III's "unexpressed intent." *See Farah v. First Nat. Bank of Ft. Worth*, 624 S.W.2d 341, 347 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.).[1]

---

1. The *Farah* court explained the dilemma we face: "We could speculate that [the settlor] now might wish the appellants to take his property upon [his wife's] death. Conversely, we could speculate that his omission to specify that result, was merely because he never

imagined both of his sons predeceasing [his wife] without having attained age twenty-five and without issue; and that if he had, he would have directed a disposition different than that now sought by appellants. There is no way for us to be certain that our own

Other than the trust itself, the only potential evidence of Clark III's intent is found in his will, which was executed in September, 1970, several months before the Agreement was executed in February, 1971. In pertinent part, set out above, Clark III's will made no provisions for his son, but left his entire estate to his mother. His will indicates he intended for Lillian, his mother, to make provisions for his son if circumstances so warranted. And Lillian did. She made express provisions for Clark IV in her will, leaving him all of her personalty and her residence, and establishing another trust for him. However, that testamentary trust provided for Lillian's sister, Virginia, to take the trust remainder if Clark IV died before age 35 and left no lineal descendants. Clark III's will and Lillian's subsequent decisions provide no support for appellees' position that Clark III intended to convey a present interest in the trust corpus to his son and certainly do not provide any rebuttal of the resulting trust that arises if the trust failed. *See* RESTATEMENT (SECOND) OF TRUSTS at § 412.

To support their argument that Clark IV's equitable interest was fully vested as of the effective date of the trust conveyance, and only the time of possession and enjoyment was delayed, appellees rely on *McGill v. Johnson*, 799 S.W.2d 673, 675 (Tex.1990) and *Rust v. Rust*, 147 Tex. 181, 211 S.W.2d 262, 267 (Tex.Civ.App.—Austin), *aff'd*, 147 Tex. 181, 214 S.W.2d 462 (1948). These cases, however, are distinguishable. Both cases, in reaching their conclusions that delayed vesting language does not necessarily create contingent remainders, considered whether conditions precedent accompanied the gifts, and found they did not. *McGill*, 799 S.W.2d at 675; *Rust*, 211 S.W.2d at 267–68. Both cases further defined conditions precedent similarly: if a condition precedes or is incorporated into the gift of the remainder, it is a condition precedent; but if the condition is added after a vested gift is

conjectures would match the [settlor's] unex-

made, the remainder is vested, subject to divestment. *Id.* Here the condition and the gift provision are contained in the same phrase: "the net income therefrom shall be paid to the said beneficiary or applied on his behalf until he shall attain the age of 30 years at which time the trust hereunder shall terminate and the corpus thereof shall be distributed to Taylor Clark IV." The requirement that Clark IV "shall attain the age of 30 years" clearly precedes or is incorporated in the gift provision that "at which time the Trust hereunder shall terminate and the corpus thereof shall be distributed to Taylor Clark IV." Under Texas's rules of construction then, we have a condition precedent unlike *McGill* and *Rust*.

Appellees have stated: "The issue in this case is whether the trust imposed a condition precedent of survival before the beneficiary acquired equitable title to the trust corpus." Appellees thus argue there is no express condition precedent in the trust agreement that Clark IV survive to the specified ages in order to receive the corpus of the trust and that Texas courts have refused to imply a condition of survival for the vesting of an interest. Appellees rely on *Shearrer v. Holley*, 952 S.W.2d 74, 78 (Tex.App.—San Antonio 1997, no writ), and *Turner v. Adams*, 855 S.W.2d 735, 738 (Tex.App.—El Paso 1993, no writ). The *Shearrer* court noted, "The complete absence of specific language of survival dictates that [the decedent's] remainder interest vest at the time of the creation of the trust." *Shearrer*, 952 S.W.2d at 78 (citing *Turner*, 855 S.W.2d at 738). The Turner court likewise found that the complete absence of specific language requiring survival resulted in the interest vesting at the testator's death with enjoyment of possession deferred until expiration of the life estate and further determined there was no condition precedent because there was no specific language establishing the point in time the remainder was to vest. *Turner*, 855 S.W.2d at 738. Here there is

pressed intent." *Farah*, 624 S.W.2d at 347.

specific language requiring Clark IV to reach age thirty, or survive, before receiving the remainder of the corpus; that language also establishes the "point in time" that the corpus was to vest. *Id.*

Appellees further rely on *Estelle v. Hart*, 55 S.W.2d 510 (Tex. Comm'n App. 1932, judgm't adopted) and *Southern Pine Lumber Co. v. Arnold*, 139 S.W. 917 (Tex. Civ.App.—Texarkana 1911, no writ) for their assertion that the trust purpose was not frustrated by Clark IV's death because the conveyance was complete and Clark IV's vested interest passed to appellees under his will. These cases do not apply. In *Estelle*, the trust involved was a purchase money resulting trust, not a resulting trust arising from the failure of an express trust as we have here. *Estelle*, 55 S.W.2d at 514. Similarly, *Arnold* was not concerned with the failure of an express trust either, but rather was a trespass to try title and partition action involving the construction of deed language granting a life estate to the wife, along with a power of appointment. The court had to determine who held the remainder. *Arnold*, 139 S.W. at 920.

Appellees additionally argue that section 258 of the Restatement of Property controls this case. Section 258 provides:

> In a limitation which does not purport to create a prior interest but purports to create a springing executory interest in a person "at 21," or "when 21," or "if he attains 21," or by other language similarly connoting the condition precedent of survival to a stipulated future date, the inclusion of a gift of the income produced by the thing up to such future date, tends to establish that such interest, after such income payments are to begin, is free from the condition precedent of survival.

RESTATEMENT OF PROPERTY § 258 (1940).

However, appellees neither cite any cases applying this provision to an express trust case nor any cases adopting this provision in any context. Importantly, appellees cite no Texas cases supporting their argument that this provision is controlling, and we have found none. Accordingly, we decline to apply section 258 here.

Appellees finally argue that Comment m to section 258 requires "extremely strong counterbalancing factors" to outweigh the construction rules of section 258. Because we find that section 258 does not apply, we need not address this argument.

Because we sustain appellants' issue one, we need not consider issue two. The judgment of the trial court is reversed and judgment is rendered that the trust established by Clark III and any assets remaining therein are held by the trustee in a resulting trust for the Estate of Eddy Taylor Clark III, Deceased.

**REVERSED AND RENDERED.**