The CADLE COMPANY as Assignee of First Heights, F.S.A., Appellant

v.

Larry J. PARKS, Appellee.

No. 05–05–00948–CV.

Court of Appeals of Texas, Dallas.

July 5, 2007.

Beverly A. Whitley, Bell, Nunnally & Martin, PLLC, Dallas, for appellant.

Henry J. Ackels, Ackels & Ackels, L.L.P., Dallas, for appellee.

Before Justices MORRIS, WRIGHT, and FITZGERALD.

## OPINION

Opinion by Justice MORRIS.

After a trial before the court without a jury, The Cadle Company, as assignee of First Heights, F.S.A., appeals the trial court's take nothing judgment on its action to revive a dormant judgment against Larry J. Parks. Cadle challenges the trial court's application of the statute of limitations and the trial court's implied finding that it failed to prove ownership of the judgment. Because we conclude the record supports the trial court's implied finding that Cadle did not establish ownership of the dormant judgment in question, we affirm the trial court's judgment.

The dormant judgment forming the basis of this lawsuit was obtained by First Heights, F.S.A. against Parks on July 23, 1990. Cadle filed this revival action on May 24, 2002 claiming to be the owner of the note through a series of assignments. At trial, Cadle offered into evidence several assignments along with the testimony of its account officer, Laura Harkless. At the conclusion of the trial, the trial court rendered judgment in favor of appellee. The trial court did not issue findings of fact and conclusions of law.

Where, as here, the trial court does not issue findings of fact and conclusions of law, all fact findings necessary to support the trial court's judgment and supported by the evidence are implied. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). When the appellate record includes a reporter's record, however, these implied findings are not conclusive and may be challenged for legal and factual sufficiency

under the same standards that apply to jury and trial court findings. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (1989). The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Id.* It is not necessary for the trial court to articulate the correct legal reason for its judgment. *I & JC Corp. v. Helen of Troy L.P.*, 164 S.W.3d 877, 884 (Tex.App.-El Paso 2005, pet. denied).

We begin our analysis with Cadle's challenges to the trial court's implied finding that Cadle was not the owner of the 1990 judgment. Specifically, Cadle asserts that Harkless's uncontradicted testimony, together with the documentary evidence, conclusively establish its ownership of the judgment. We construe Cadle's argument as a legal sufficiency challenge to the trial court's implied finding that Cadle did not prove it owned the judgment. Because Cadle had the burden of proof on the ownership issue at trial, it must show that the evidence establishes its ownership as a matter of law. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex.2001). In reviewing a matter-of-law point, we must consider evidence favorable to the finding if a reasonable fact-finder could do so and disregard evidence contrary to the finding unless a reasonable fact-finder could not disregard it. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

After reviewing the evidence under the applicable standards, we cannot conclude Cadle conclusively established its ownership of the judgment. Harkless testified in a conclusory manner that Cadle purchased "this judgment" from Value Recovery Group, Inc. She never specified, however, that Cadle purchased the First Heights, F.S.A./Parks judgment. In fact, she later admitted Cadle had purchased multiple judgments against several defen-

dants under the same cause number as the Parks' judgment.

Additionally, the assignments and other documents admitted into evidence called Harkless's testimony into question. For example, although the judgment was originally awarded in favor of First Heights, F.S.A., the first assignment upon which Cadle relies in its chain of custody analysis was from the "FDIC as receiver for First Heights Bank, FSB, Houston Texas f/k/a Heights Savings Association, TX." There is nothing in the record to connect these entities to the original judgment holder. Similarly, there were additional deficiencies in the subsequent transfer documents that called into question whether the Parks' judgment was actually assigned to Cadle. In light of the foregoing, Cadle has not established its ownership of the judgment as a matter of law, and we therefore resolve this issue against it. Because the judgment may be supported by the trial court's implied finding on Cadle's lack of ownership, we need not address Cadle's remaining issues.

We affirm the trial court's judgment.