

# NUMBER 13-07-00684-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**THORA O. ROURK, ET AL.,**                                      **Appellants,**

**v.**

**CAMERON APPRAISAL DISTRICT,**                                      **Appellee.**

---

### On appeal from 357th District Court
### of Cameron County, Texas.

---

# O P I N I O N

### Before Justices Yañez, Garza, and Benavides
### Opinion by Justice Benavides

Thora O. Rourk and others similarly situated,[1] appellants, sought a judgment from

the trial court declaring that the Cameron Appraisal District ("CAD"), appellee, could not

assess property taxes against their travel trailers and park model recreational vehicles

---

[1] Appellants are Thora O. Rourk, Clara and Harry Schmoekel, Robert and Joan Niles, William W. and Frances Wolfe, Terry and Jean Lathangue, A.J. and Betty Roy, Mabel Cheetham, Alice Zaske, Norman L. and Dorothy J. True, Lowell and Winona Krenger, Doyle L. and Joyce M. Vanschuyver, Donald E. and Virginia M. Sadler, Sheldon I. and Margurite C. Ross, Gary and Lois Adams, Clice A. Bridenstine, Albert and Cecilia Conover, Rosiane Denomme, William and Lois J. Farnen, Louis E. and Doris C. Floetker, Raymond Knight, Erna D. Kooistra, Raymond and Bette Le Bruan, Charles D. and Janet L. Munson, Arthur J. and Mary Ann Orlikowski, Milton and Nancy Schmiege, and Carroll A. and Lois Iverson.

(collectively, "RVs") because the RVs were not real property and the RVs satisfied a tangible personal property exemption to property taxation. *See* TEX. TAX CODE ANN. §§ 1.04(2)-(3), 11.01, 11.14 (Vernon 2008). After a bench trial, the trial court concluded that the RVs owned by the plaintiffs are "improvements to realty" as defined by the tax code, that the RVs are not exempt as personal property, and that they are subject to taxation. We affirm in part and reverse and remand in part.

## I. BACKGROUND

Beginning as early as tax year 1993, CAD started assessing the value of appellants' RVs for the purposes of ad valorem taxation. CAD asserted that the RVs were either manufactured homes or improvements, and that under either category, appellants' RVs were taxable real property. The appellants claimed that their RVs were neither manufactured homes nor improvements but instead were tangible personal property and were exempt from taxation.

In July 2000, appellants filed their original petition for declaratory judgment asking the trial court to declare that the actions taken by CAD were unconstitutional and that their RVs were exempt from taxation. Additionally, appellants sought class certification for their declaratory judgment action.

Initially, CAD contested jurisdiction and class certification, and the trial court refused to certify the class and granted summary judgment for CAD. On appeal, we reversed both the failure to certify the class and the summary judgment; however, the supreme court reversed our decision on the class certification and remanded the case to the trial court. *See Rourk v. Cameron Appraisal Dist.*, 131 S.W.3d 285, 289 n.3 (Tex. App.–Corpus Christi 2004) ("*Rourk I*"), *rev'd,* 194 S.W.3d 501, 503 (Tex. 2006) (per curiam). The effect of the supreme court's decision was to reduce the number of plaintiffs and to establish tax year 2001 as the only year in question. *See Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006).

The parties proceeded to a bench trial, during which the trial court heard testimony from several of the appellants. Each testified that he or she rented space in an RV park

2

in Cameron County but did not actually own the space. Each appellant owned an RV located on one of these rented spaces. Each appellant confirmed that he or she used the RV temporarily, primarily in winter, could have the RV ready to move within a matter of hours, could easily disconnect the utility services and other attachments to the RV, and had no intention of ceding ownership of the RV to the RV park, which owned the underlying land.

Robert Romero, a CAD appraiser, testified on behalf of CAD. He discussed the criteria he used to determine that appellants' RVs were taxable as improvements to real property or were not exempt personal property because the RVs were manufactured homes. The primary factor he used was the length of time each RV had remained at the same location without being moved. Romero stated that RVs that remain in a park for a "long period of time" would be taxed, and he agreed that 90 days to 180 days could be a long period of time. The trial court determined that it had jurisdiction to consider the claims of the appellants for tax year 2001 and that "[t]he trailers owned by [the appellants] are improvements to realty as defined by Tex. Tax Code Sec. 1.04(3), and are not exempt personal property, but instead are subject to taxation under the Texas Constitution and the Texas Tax Code." Although appellants requested findings of fact and conclusions of law, the trial court did not enter any.[2] This appeal ensued.

## II. STANDARD OF REVIEW

"We review declaratory judgments under the same standards as other judgments and decrees." *Montfort v. Trek Res. Inc.*, 198 S.W.3d 344, 354 (Tex. App.–Eastland 2006, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 37.010 (Vernon 1997); *Guthery v. Taylor*, 112 S.W.3d 715, 720 (Tex. App.–Houston [14th Dist.] 2003, no pet.); *Roberts v. Squyres*, 4 S.W.3d 485, 488 (Tex. App.–Beaumont 1999, pet. denied)). "We look to the

---

[2] Because appellants did not file a "Notice of Past Due Findings of Fact and Conclusions of Law," they waived any complaint on appeal regarding the trial court's failure to file findings of fact and conclusions of law. *See* TEX. R. CIV. P. 297; *see also Las Vegas Pecan & Cattle Co., Inc. v. Zavala County*, 682 S.W.2d 254. 255-56 (Tex. 1984).

procedure used to resolve the issue at trial to determine the standard of review on appeal."
*Id.* (citing *Guthery*, 112 S.W.3d at 720; *Roberts*, 4 S.W.3d at 488). When the trial court determines the declaratory judgment issue after a bench trial, we review its factual findings under a sufficiency of the evidence standard and review its conclusions of law de novo. *Id.* (citing *Black v. City of Killeen*, 78 S.W.3d 686, 691 (Tex. App.–Austin 2002, pet. denied)). Questions of statutory construction are reviewed de novo. *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002).

When the trial court does not enter findings of fact and conclusions of law, "all fact findings necessary to support the trial court's judgment and supported by the evidence are implied." *Cadle Co. v. Parks*, 228 S.W.3d 915, 916 (Tex. App.–Dallas 2007, no pet.) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)). However, because the record before us includes a reporter's record, these implied findings are not conclusive and may be challenged on sufficiency grounds. *Id.* "The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence." *Id.* "It is not necessary for the trial court to articulate the correct legal reason for its judgment." *Id.* (citing *I & JC Corp. v. Helen of Troy L.P.,* 164 S.W.3d 877, 884 (Tex. App.–El Paso 2005, pet. denied)).

### III. APPLICABLE LAW

"All real property and tangible personal property in this State, unless exempt . . . shall be taxed . . . ." TEX. CONST. art. VIII, § 1(b). "Real property" includes "an improvement," which is defined as "a building, structure, fixture, or fence erected or affixed on land." TEX. TAX CODE ANN. § 1.04(2)(B), (3)(A). "Personal property" is "property that is not real property." *Id.* § 1.04(4). "Tangible personal property" is "personal property that can be seen, weighed, measured, felt, or otherwise perceived by the senses . . . ." *Id.* § 1.04(5).

During 2001, the relevant time period for this lawsuit,[3] the Texas Constitution

---

[3] 2001 is the relevant year because that is the only year over which the trial court determined it had jurisdiction. It noted, "The court has jurisdiction to consider the claims of the following plaintiffs for tax year 2001 only . . . ." On appeal, neither party disputes this conclusion.

4

provided that the legislature may exempt from ad valorem taxation tangible personal property except "structures which are personal property and are used or occupied as residential dwellings." *See Rourk*, 131 S.W.3d at 289 n.4 (citing TEX. CONST. art. VIII, § 1(b) (amended 2003)). The tax code implemented this exemption in section 11.14(a), stating, "A person is entitled to an exemption from taxation of all tangible personal property, other than manufactured homes, that the person owns and that is not held or used for production of income."[4] Act of April 20, 1989, 71st Leg., R.S., ch. 76, § 1, sec. 11.14, 1989 TEX. GEN. LAWS 391, *amended by* Act of April 1, 2003, 78th, R.S., ch. 5, § 1, sec. 11.14, 2003 TEX. SESS. LAW SERV. 6.

Statutes exempting property from taxation are strictly construed in favor of taxation. *Am. Hous. Found. v. Calhoun County Appraisal Dist.*, 198 S.W.3d 816, 819 (Tex. App.–Corpus Christi 2006, pet. denied) (citing *N. Alamo Water Supply Corp. v. Willacy County Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex. 1991)). We strictly construe such statutes because exemptions from taxation "undermine equality and uniformity[5] by placing a greater burden on some taxpaying businesses and individuals rather than placing the burden on all taxpayers equally." *Harris County Appraisal Dist. v. Primrose Houston 7 Hous., L.P.*, 238 S.W.3d 782, 786 (Tex. App.–Houston [1st Dist.] 2007, pet. filed) (citing *N. Alamo Water Supply*, 804 S.W.2d at 899); *see also Hidalgo County Appraisal Dist. v. HIC Tex. I, L.L.C.*, No. 13-07-083-CV, 2009 WL 620468, at *2 n.16 (Tex. App.–Corpus Christi Mar. 12, 2009, no pet.) (mem. op.). Therefore, "the burden of proof of clearly

---

[4] CAD asserts that the 2001 version of section 11.14 contains the following sentence, which is included in the current version of the statute: "This subsection does not exempt from taxation a structure that a person owns which is substantially affixed to real estate and is used or occupied as a residential dwelling." *See* TEX. TAX CODE ANN. § 11.14(a) (Vernon 2008). This sentence was not added to section 11.14 until 2003. *See* Act of April 1, 2003, 78th Leg., R.S., ch. 5, § 1, sec. 11.14, 2003 TEX. SESS. LAW SERV. 6. In 2001, section 11.14 stated, "A person is entitled to an exemption from taxation of all tangible personal property, other than manufactured homes, that the person owns and that is not held or used for production of income." *See* Act of April 20, 1989, 71st Leg., R.S., ch. 76, § 1, sec. 11.14, 1989 TEX. GEN. LAWS 391, *amended by* Act of May 22, 2001, 77th Leg., R.S., ch. 521, § 1, sec. 11.14, 2001 TEX. SESS. LAW SERV. 921 (effective January 1, 2002) (adding the following sentence to section 11.14(a): "This subsection does not exempt from taxation a travel trailer, as defined by Section 11.142, that a person owns.").

[5] *See* TEX. CONST. art. VIII, § 1(a).

showing that the organization falls within the statutory exception is on a claimant," *Harris County Appraisal Dist.*, 238 S.W.3d at 786, and all doubts are resolved against the claimant. *Jim Wells County Appraisal Dist. v. Cameron Village, Ltd.*, 238 S.W.3d 769, 772 (Tex. App.–San Antonio 2007, pet. filed).

## IV. ANALYSIS

Rourk argues that the trial court erred in declaring that the RVs are improvements and thus real property. Rourk urges this Court to find that the RVs are personal property and therefore exempt from ad valorem taxation. CAD asserts that the RVs are taxable improvements. Without filing findings of fact, the trial court concluded that the RVs are taxable improvements and are not exempt personal property.

### A. Improvement or Personal Property

Under the tax code, an improvement to real property is real property and is taxable as such. *See* TEX. TAX CODE ANN. §§ 1.04(2)(B), 11.14. An improvement is, in relevant part, "a building, structure, fixture, or fence erected or affixed on land" or "a transportable structure that is designed to be occupied for residential or business purposes, whether or not it is affixed to land, if the owner of the structure owns the land on which it is located . . . ." *Id.* § 1.04(3)(A), (B). Because "personal property" under the tax code is defined as "property that is not real property," we must first determine whether the RVs are improvements and therefore real property. *See id.* § 1.04(4).

In *Rourk I*, we reviewed a summary judgment granted for CAD. We determined that, based on the summary judgment evidence, the RVs "were 'transportable structures' designed to be occupied for residential or business purposes, whether or not affixed to land, but are not taxable since they were not owned by the owner of the land on which they were located." *Rourk*, 131 S.W.3d at 297 (quoting TEX. TAX CODE ANN. § 1.04(3)(B)). We have reviewed the evidence in the present case, and we do not find any evidence presented by CAD in the bench trial that refutes our determination that the RVs are transportable structures. Additionally, the undisputed evidence before the trial court in the present case indicates that the appellants do not own the land underlying their RVs, that

6

the RVs can be moved within a matter of hours, and that the appellants use the RVs for residential purposes. Therefore, under section 1.04(3) of the tax code, the RVs cannot be improvements, and the trial court erred in so deciding. *See* TEX. TAX CODE ANN. § 1.04(3)(B).

## B.    Exempt Personal Property

Having concluded that the RVs are not improvements and thus not real property, we must now determine whether the RVs are tangible personal property which is entitled to a tax exemption. *See id.* §§ 1.04(4), 1.04(5). During tax year 2001, the Texas Constitution allowed the legislature to exempt from taxation personal property that is not used as a residential dwelling. *See Rourk*, 131 S.W.3d at 289 n.4 (quoting TEX. CONST. art. VIII, § 1(d)(2) (amended 2003)).

As CAD recognizes, this constitutional provision is not self-executing and requires enabling legislation for the exemption to be in force. *See Hendee v. Dewhurst*, 228 S.W.3d 354, 369 (Tex. App.–Austin 2007, pet. denied) (noting that a constitutional provision "'is not self-executing when it merely indicates principles, without laying down rules by means of which these principles may be given force of law'") (quoting *Neeley v. W. Orange-Cove Consol. Indep. Sch. Dist.*, 176 S.W.3d 746, 782 (Tex. 2005)). The enabling legislation is section 11.14(a) of the tax code which, in 2001, exempted "all tangible personal property, other than manufactured homes, that the person owns and that is not held or used for production of income."[6]  Act of April 20, 1989, 71st Leg., R.S., ch. 76, § 1, sec. 11.14(a), 1989 TEX. GEN. LAWS 391, *amended by* Act of April 1, 2003, 78th Leg., R.S., ch. 5, § 1, sec. 11.14(a), 2003 TEX. SESS. LAW SERV. 6. Thus, the only tangible personal property *not* exempt under section 11.14(a) is manufactured homes and property

---

[6] CAD does not raise, as it did in *Rourk I*, a constitutional challenge to the legislature's interpretation of article VIII, section 1(d)(2)'s exemption for personal property except personal property used as a residential dwelling. *See Rourk v. Cameron Appraisal Dist.*, 131 S.W.3d 285, 289 n.3 (Tex. App.–Corpus Christi 2004) *rev'd on other grounds*, 194 S.W.3d 501 (Tex. 2006) (per curiam).

held for the production of income.[7]

The definition of manufactured home excludes recreational vehicles, which are vehicles that are "[b]uilt on a single chassis; 400 [s]quare feet or less when measured at the largest horizontal projections; [s]elf-propelled or permanently towable by a light duty truck; and [d]esigned primarily not for use as a permanent dwelling but as temporary living quarters for recreational, camping, travel, or seasonal use." 24 C.F.R. § 3282.8(g) (2009); *see* Act of April 20, 1989, 71st Leg., R.S., ch. 76, § 1, sec. 11.14(b), 1989 TEX. GEN. LAWS 391 (amending section 11.14(b) such that "'manufactured home' has the meaning assigned by [s]ection 11.432" of the Texas Tax Code); Act of May 15, 1985, 69th Leg., R.S., ch. 846, § 14, 1985 TEX. GEN. LAWS 2932, 2939 (adding section 11.432 to the tax code and mandating that "'manufactured home' has the meaning assigned by Subsection (s), Section 3, Texas Manufactured Housing Standards Act (Article 5221f, Vernon's Texas Civil Statutes)"); Act of May 19, 1997, 75th Leg., ch. 791, § 1, 1997 TEX. SESS. LAW SERV. 2581, 2581-82 (amending "Section 3, Texas Manufactured Housing Standards Act (Article 5221f, Vernon's Texas Civil Statutes)" to include the following definitions: (1) a "manufactured home" is "a HUD-code manufactured home or a mobile home"; (2) a "mobile home" is, in relevant part, "a structure that was constructed before June 15, 1976"; and (3) a "HUD-code manufactured home" "does not include a recreational vehicle as that term is defined by 24 C.F.R. Section 3282.8(g)").

Based on the foregoing definitions, to affirm the trial court's judgment that the RVs are not exempt personal property, we must determine whether the RVs were constructed

---

[7] While CAD provides a lengthy discussion on the topic of RVs as "residential dwellings," which are currently excluded from the tangible personal property exemption in section 11.14(a), the "residential dwelling" language was not present in the 2001 version of section 11.14(a). *See* Act of April 20, 1989, 71st Leg., R.S., ch. 76, § 1, sec. 11.14(a), 1989 TEX. GEN. LAWS 391 *amended by* Act of May 22, 2001, 77th Leg., R.S., ch. 521, § 1, sec. 11.14(a), 2001 TEX. SESS. LAW SERV. 921 (effective January 1, 2002) *and* Act of April 1, 2003, 78th Leg., R.S., ch. 5, § 1, sec. 11.14(a), 2003 TEX. SESS. LAW SERV. 6 (adding the "residential dwelling" language and applying to "taxes imposed for the tax year 2002 and thereafter").

before June 15, 1976 and thus are "mobile homes,"[8] or if they were made on or after June 15, 1976, whether the RVs were designed for use "as temporary living quarters for recreational, camping, travel, or seasonal use." 24 C.F.R. § 3282.8(g); Act of May 19, 1997, 75th Leg., ch. 791, § 1, 1997 TEX. SESS. LAW SERV. 2582.

A thorough review of the record reveals a mixed bag of evidence; however, the undisputed evidence demonstrates that appellants only use their RVs temporarily and seasonally. Thus, if an appellant's RV was manufactured on or after June 15, 1976, then it does not meet the definition of the "manufactured home" exception to the section 11.14(a) tangible personal property exemption, and is therefore exempt. *See* Act of April 20, 1989, 71st Leg., R.S., ch. 76, § 1, sec. 11.14(a), 1989 TEX. GEN. LAWS 391.

The record contains certificates of title for the RVs belonging to the following appellants: Milton and Nancy Schmiege, Carroll A. and Lois Iverson, and Thora Rourk. These certificates of title indicate that each of these appellants' RVs had a model year of 1978 or later.

The record also included "Personal Property Mobile Home Worksheets" ("worksheets") completed by CAD and offered into evidence by appellants. The worksheets are pre-printed forms containing a space to list the model year of the subject RV. Neither party objected to the accuracy of the worksheets. For the following appellants, the worksheets indicate an RV model year of 1979 or later: Robert and Joan Niles, William W. and Frances Wolfe, Terry and Jean Lathangue, Mabel Cheetham, Alice Zaske, Norman L. and Dorothy J. True, Lowell and Winona Krenger, Doyle L. and Joyce

---

[8] The entire applicable definition of "mobile home" is

> a structure that was constructed before June 15, 1976, transportable in one or more sections, which, in the traveling mode, is eight body feet or more in width or 40 body feet or more in length, or, when erected on site, is 320 or more square feet, and which is built on a permanent chassis and designed to be used as a dwelling with or without a permanent foundation when connected to the required utilities and included the plumbing, heating, air-conditioning, and electrical systems.

Act of May 19, 1997, 75th Leg., ch. 791, § 1, 1997 TEX. SESS. LAW SERV. 2582.

M. Vanschuyver, Donald E. and Virginia M. Sadler, Clive A. Bridenstine, Albert and Cecilia Conover, William and Lois J. Farnen, Louis E. and Doris C. Floetker, Raymond Knight, and Arther J. and Mary Ann Orlikowski.

The worksheets for Clara and Harry Schmoekel, A.J. and Betty Roy, Sheldon I. and Margurite C. Ross, Gary and Lois Adams, Rosiane Denomme, Erna D. Kooistra, and Charles D. and Janet L. Munson fail to list a definite model year but list either an estimated model year, a model year of 1975 or 1976, or list no model year at all.

The record contains no documentary evidence relating to appellants Raymond and Bette LeBruan; however, after presenting testimony from several appellants, not including the LeBruans, appellants' counsel stated, "all our other witnesses would [sic] testify identically as these already have." The LeBruans never testified, and the testimony of those appellants who did testify did not address the model year for all of appellants' RVs; thus, the record contains no evidence relating to the model year of the LeBruans' RV.

Because the appellants were seeking an exemption from taxation, they had the burden to prove that they were entitled to the exemption. *North Alamo Water Supply Corp.*, 804 S.W.2d at 899. By failing to present evidence that their RVs were not constructed before June 15, 1976, the following appellants, Clara and Harry Schmoekel, A.J. and Betty Roy, Sheldon I. and Margurite C. Ross, Gary and Lois Adams, Rosiane Denomme, Erna D. Kooistra, Charles D. and Janet L. Munson, and Raymond and Bette LeBruan ("Group 1 appellants"), failed to prove that their RVs were not "mobile homes," which are included in the definition of "manufactured home" used by reference in section 11.14(b). *See* Tex. Tax Code Ann. § 11.14(b). Therefore, the trial court did not err by failing to exempt from taxation the RVs belonging to these appellants. *See* Tex. Const. art. VIII, § 1(b) (declaring that all real and tangible personal property in Texas is taxable unless exempt). We overrule the appellants' issue regarding the RVs owned by the Group 1 appellants.

The following appellants satisfied their burden of proving that their RVs are

"recreational vehicles" as defined by the applicable law and are therefore not manufactured homes: Milton and Nancy Schmiege, Carroll A. and Lois Iverson, Thora Rourk, Robert and Joan Niles, William W. and Frances Wolfe, Terry and Jean Lathangue, Mabel Cheetham, Alice Zaske, Norman L. and Dorothy J. True, Lowell and Winona Krenger, Doyle L. and Joyce M. Vanschuyver, Donald E. and Virginia M. Sadler, Clive A. Bridenstine, Albert and Cecilia Conover, William and Lois J. Farnen, Louis E. and Doris C. Floetker, Raymond Knight, and Arther J. and Mary Ann Orlikowski ("Group 2 appellants"). *See* TEX. TAX CODE ANN. § 11.14(b); 24 C.F.R. § 3282.8(g). The evidence presented to the trial court indicated that the RVs belonging to each of the Group 2 appellants were 400 square feet or less, self-propelled or permanently towable with a light duty truck, built on a single chassis, and designed as temporary living quarters for recreational, seasonal, camping, or travel use. *See* 24 C.F.R. § 3282.8(g). The RVs belonging to the Group 2 appellants are tangible personal property and not manufactured homes; therefore, the trial court erred in finding that these RVs are not exempt personal property. *See* TEX. TAX CODE ANN. § 11.14(a). We sustain appellants' issue regarding the RVs owned by the Group 2 appellants.

## V. CONCLUSION

We affirm the trial court's judgment relating to the RVs owned by the Group 1 appellants. We reverse the trial court's judgment regarding the RVs owned by the Group 2 appellants, and we remand the case to the trial court for a determination of the issue of attorney's fees relating to the Group 2 appellants' claims.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
24th day of November, 2009.