

**NUMBER 13-09-00595-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

**DONALD RAY LUEDECKE,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                            **Appellee.**

**On appeal from the 329th District Court
of Wharton County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela
Memorandum Opinion by Justice Rodriguez**

Appellant Donald Ray Luedecke pleaded guilty to twenty-six counts of improper

visual recording. *See* TEX. PENAL CODE ANN. § 21.15 (Vernon Supp. 2009).[1] Appellant

---

[1]Section 21.15(b)(2) provides, in relevant part, the following:

(b)          a person commits an offense if the person:

elected to have the trial court assess punishment, and he was sentenced to twenty-six concurrent sentences of two years each in the state jail division of the Texas Department of Corrections, plus a $10,000 fine. By one issue, appellant generally contends his due process was denied when, at the punishment hearing, the trial court viewed taped evidence for the purpose of fact finding without proceedings in a public trial. We affirm.

## I. BACKGROUND[2]

By his guilty plea, appellant admitted that he placed a video recorder in the bathroom of his store in violation of section 21.15(b)(2) of the Texas Penal Code. *See id*. At the punishment hearing, Detective Russell Urban testified that he had viewed the recordings. On cross-examination, Detective Urban testified that the recordings were also shown to the three victims, the district attorney, and an assistant district attorney. In addition, it is undisputed that appellant, his counsel, and the trial judge viewed the recordings outside the courtroom. The trial judge's review of the videotapes is supported by his affidavit, which was filed as part of the supplemental clerk's record in this appeal.

---

. . . .

(2)     photographs or by videotape or other electronic means records, broadcasts, or transmits a visual image of another at a location that is a bathroom or private dressing room:

(A)     without the other person's consent; and

(B)     with intent to:

(i)      invade the privacy of the other person; or

(ii)     arouse or gratify the sexual desire of any person . . . .

TEX. PENAL CODE ANN. § 21.15 (Vernon Supp. 2009).

[2]Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

In the affidavit, the trial judge avowed the following:

> I viewed a video of the events of "Improper Visual Recording" before I ruled on the sentencing issue in this case at the request of both the State's attorney and defense attorney . . . . Since the case was completed I reviewed the file and the transcript and I am not able to locate anywhere the video was admitted into evidence.

Except for this affidavit, we find nothing in the record regarding the trial court's viewing of the recordings or any request for admission of the videotapes into evidence. The recordings are not a part of the appellate record.

## II. DISCUSSION

By his sole issue, appellant contends that he was denied the protection of the due process clause of the Fourteenth Amendment because the fundamental guarantee that proceedings in criminal trials shall be held in a public trial was disregarded. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.24 (Vernon 2005). More specifically, appellant asserts that when the prosecutor and defense attorney agreed to show the trial judge the recordings without the protections of an open court proceeding, he was denied due process. Appellant claims that although the trial court did not dismiss individuals from the courtroom during trial proceedings, it did exclude a crucial part of the proceedings from the public trial. Appellant notes that the recordings were never offered, admitted, or filed of record and contends that this is an important consideration because he had the burden to bring forward a record to support his claims on appeal. *See* TEX. R. APP. P. 33.1. Appellant argues that, under these circumstances, where a full record of the proceedings, including a record of all exhibits offered into evidence was not prepared, he had none of the protections of due process afforded him by the United States and Texas Constitutions.

3

#### A. WAIVER

Typically, the right to a public trial is reviewed in terms of a court's action to exclude persons or press from an open court hearing. *See Addy v. State*, 849 S.W.2d 425, 428-29 (Tex. App.–Houston [1st Dist.] 1993, no pet.). While appellant complains that due process was violated by disregarding his right to a public trial, the only portion of this public proceeding about which he complains is the trial court's private viewing of the recordings—a procedure that appellant admits his attorney agreed to at trial. And, as appellant concedes, the right to a public trial is not an absolute right. *See id*. at 429. Moreover, failure to object to the closing of the courtroom will serve to waive the right to a public trial. *See Levine v. United States*, 362 U.S. 610, 619 (1960).

In this case, although appellant complains that the viewing of the videotapes took place outside the courtroom rather than in open court, he admits that this out-of-court viewing occurred "by agreement of the State and the defense attorney prior to ruling at the punishment hearing." Appellant did not object to the trial court's in-chambers viewing of the video on due process and did not request that the videotapes be admitted as evidence. Based on his actions, appellant therefore waived his right to complain on appeal of not receiving a public hearing. *See id*; *see also Bitterman v. State*, 180 S.W.3d 139, 141 (Tex. Crim. App. 2005) (concluding that even a constitutional right complaint can be waived).

#### B. INVITED ERROR

Furthermore, by his actions, appellant invited any alleged error by requesting and agreeing to the out-of-court viewing procedure. Having done so, appellant is estopped from complaining of not having a record of the proceedings. *See Druery v. State*, 225

4

S.W.3d 491, 506 (Tex. Crim .App. 2007) ("[T]he law of invited error estops a party from making an appellate error of an action it induced."); *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (en banc) (explaining that "the doctrine of invited error estops the appellant from complaining of it" and describing "invited error" as "more than, and different from, waiver," because "invited error" excludes from the definition of "reversible error" any actions of the trial court "actually sought by the party in that tribunal"); *Ex parte Guerrero*, 521 S.W.2d 613, 614 (Tex. Crim. App. 1975) ("[A]n accused cannot invite error and then complain thereof.").

Based on the above analysis, we overrule appellant's sole issue.

### III. CONCLUSION

Accordingly, we affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of August, 2010.