

NUMBER 13-11-00750-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

JOHN J. BOLL, ET AL.,                                            Appellants,

v.

CAMERON APPRAISAL DISTRICT,                              Appellee.

---

On appeal from the 357th District Court
of Cameron County, Texas.

---

# O P I N I O N

### Before Justices Rodriguez, Benavides and Longoria
### Opinion by Justice Benavides

By one issue, appellants, John J. Boll and others similarly situated,[1] appeal the

---

[1] Named appellants are John J. Boll, Robert and Barbara Byrkit, Roberty D. and Alice Delaney, Virgil & Donna Dykstra, Duane C. Eich, Kenneth Figg, Loyd D. Graham, Jay and Mary Green, Donald and

trial court's denial of their motion for attorney's fees.   We reverse and remand.

## I.   BACKGROUND[2]

Appellants filed a petition for judicial review and for declaratory relief against appellee Cameron Appraisal District ("the District") regarding the District's assessment of taxes upon exempt mobile homes/park homes allegedly assessed in violation of Texas Tax Code section 11.14.   *See* TEX. TAX CODE ANN. §§ 11.14 (West 2008); 41.41(a)(4) (West 2008).   Appellants filed their petition pursuant to chapter 42 of the tax code, *see id.* § 42.01(a)(1)(A), and the Texas Uniform Declaratory Judgment Act, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008).

Pursuant to this court's ruling in *Rourk v. Cameron Appraisal Dist.*, 305 S.W.3d 231 (Tex. App.—Corpus Christi 2009, pet. denied) (*Rourk II*), the District agreed that appellants were entitled to the exemptions under section 11.14.   The trial court signed a judgment effecting such agreement, but denied appellants' request for attorney's fees under the tax code and/or the Texas Uniform Declaratory Judgment Act.   This appeal ensued.

## II.   ATTORNEY'S FEES

By their sole issue, appellants assert that the trial court erred by denying their

---

Henrietta Hashman, Dale and Marilyn Henderson, Leroy P. Henkemeyer, Robert and Sharon Kirkbride, Ray LeBrun, Donald and Wilma R. McFarland, Mrs. Roger (Julia) Meade, John and Lucy Morey, Frank and Janice Niese, Tommy and Linda Quick, Wayne E. and Shirley R. Sapaugh, Clem W. Smith, Dale and Dixie Spencer, Melvin Vanderhoff, Robert Vanthul, Ronald Vollrath, Leonard D. and Edith J. Walter, Don Basinger, Donna Brislawn, Henry and Maxine Estell, Marilyn D. Hammond, Hammond Owen Revocable Trust, C. Dewayne and Carolyn J. Crawford.

[2] This opinion is a companion appeal with *Thora O. Rourk, et al. v. Cameron Appraisal Dist.*, Cause No. 13-11-00751-CV.

motion for attorney's fees.

Texas law does not allow the recovery of attorney's fees unless authorized by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310–11 (Tex. 2006) (recognizing this principle as the "American Rule"). As such, we first examine whether appellants are entitled to attorney's fees under the tax code. The tax code provides the appropriate remedies structure for contesting an appraisal district's denial of an exemption—first, at the local level, *see* TEX. TAX CODE ANN. § 41.41 (West 2008); and second, through judicial review. *See id.* § 42.21 (West Supp. 2011). Furthermore, section 42.29 of the tax code expressly limits the recovery of attorney's fees in successful taxation appeals to: (1) excessive appraisals, *see id.* § 42.25 (West 2008); (2) unequal appraisals, *see id.* § 42.26 (West 2008); and (3) correction of the appraisal rolls. *See id.* § 25.25 (West Supp. 2011). *See generally id.* § 42.29 (West Supp. 2011).

In this case, the trial court found that appellants were not entitled to attorney's fees under the tax code despite appellants' successful appeal from the Appraisal District's denial of their claimed exemptions under section 11.14 of the tax code. The trial court erred in making this finding because a taxpayer who successfully protests the denial of a partial exemption under section 41.41(4) can demand attorney's fees under section 42.29 because the appraised value of the property for tax purposes will be lower with the exemption than it was without the exemption. *See Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 79 (Tex. 1992) (providing examples of which types of protests amount to an excessive appraisal); *see also* TEX. TAX CODE ANN. §§ 42.25,

3

42.29.

The next question in our analysis turns on whether the language of section 42.29 makes the award of attorney's fees for excessive appraisals mandatory or discretionary. Section 42.29(a) provides the following relevant language:

> A property owner who prevails in an appeal to the court under Section 42.25 or 42.26 or in an appeal to the court of a determination of an appraisal review board on a motion filed under Section 25.25 *may be awarded reasonable attorney's fees*.

TEX. TAX CODE ANN. § 42.29(a) (emphasis added). While the statute's use of the phrase "may be awarded" could be interpreted as giving the trial court discretion to award attorney's fees, we do not adopt that viewpoint. Instead, we read the provision as mandatory like other statutes which provide that "a party may recover" attorney's fees. *See Zapata County Appraisal Dist. v. Coastal Oil & Gas Corp.*, 90 S.W.3d 847, 853–54 (Tex. App.—San Antonio 2002, pet. denied); *Aaron Rents*, 212 S.W.3d at 671–75. This reading is consistent with the *Bocquet* decision in which the Texas Supreme Court recognized that statutes which state that a party "may recover" attorney fees are not discretionary. *See Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) (citing *D.F.W. Christian Television, Inc. v. Thornton*, 933 S.W.2d 488, 490 (Tex. 1996) (applying TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2008.))).

Accordingly, we conclude that the trial court erred by denying appellants' request for attorney's fees. Appellants' sole issue is sustained.

4

### III.     CONCLUSION

We reverse the trial court's denial of appellants' motion for attorney's fees.   We remand this cause to the trial court for the determination of the amount of attorney's fees to be awarded pursuant to section 42.29 of the tax code.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
18th day of July, 2013.