

NUMBER 13-11-00751-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THORA O. ROURK, ET AL.,                                    Appellants,

v.

CAMERON APPRAISAL DISTRICT,                               Appellee.

### On appeal from the 357th District Court
### of Cameron County, Texas.

# O P I N I O N

### Before Justices Rodriguez, Benavides and Longoria
### Opinion by Justice Benavides

We issued our original opinion in this cause on July 18, 2013. Cameron Appraisal District filed a motion for rehearing en banc. After due consideration, and within our plenary power, we *sua sponte* withdraw our previous opinion and judgment

and substitute the following opinion and accompanying judgment in their place. *See* TEX. R. APP. P. 19.1. The District's motion for rehearing en banc is denied as moot.

By one issue, appellants, Thora O. Rourk and others similarly situated[1] appeal the trial court's denial of attorney's fees under the Texas Uniform Declaratory Judgment Act (UDJA) in this property taxation case. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 37.001–.011 (West 2008). We reverse and remand.

## I. BACKGROUND[2]

This case is before us for a third time. *See Rourk v. Cameron Appraisal Dist.*, 131 S.W.3d 285 (Tex. App.—Corpus Christi 2004), *rev'd, in part, and remanded,* 194 S.W.3d 501 (Tex. 2006) (*Rourk I*); *Rourk v. Cameron Appraisal Dist.*, 305 S.W.3d 231 (Tex. App.—Corpus Christi 2009, pet. denied) (*Rourk II*). In *Rourk II*, we concluded that the appellants' travel trailers and recreational vehicles were not improvements, or real property, but instead, tangible personal property that was exempt from taxation. *See Rourk II*, 305 S.W.3d at 236–39; *see also* TEX. TAX CODE ANN. § 11.14 (West 2008). Accordingly, we reversed the trial court's judgment to the contrary and remanded the case to determine whether the appellants were entitled to attorney's fees from appellee, Cameron Appraisal District (the Appraisal District).

---

[1] Named appellants are Thora O. Rourk, Elva Broker, Clara and Harry Schmoekel, Robert and Joan Niles, Carroll A. and Lois Iverson, William W. and Frances Wolfe, Terry and Jean Lathangue, A.J. and Betty Roy, Mabel Cheetham, Ryle Andrews, Larry and Mary Gustin, Lowell and Winona Krenger, George and Fran Wrasse, Donald E. and Virginia M. Sadler, Sheldon I. and Margurite C. Ross, Jewell and Martha Groover, Vassie Miller, Barry W. Hewitt and Sheila A. Hewitt, and Mike and Monica MacWilliam.

[2] This opinion is a companion appeal with *John J. Boll, et al. v. Cameron Appraisal Dist.*, Cause No. 13-11-00750-CV.

On remand, appellants filed a motion for attorney's fees. After holding a hearing, the trial court denied appellants' motion for attorney's fees under the UDJA.[3] This appeal followed.

## II. ATTORNEY'S FEES

By their sole issue, appellants assert that the trial court erred by denying their motion for attorney's fees under the UDJA. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011.

## A. Jurisdiction

As a preliminary matter, the Appraisal District, as a political subdivision of the state, *see* TEX. TAX CODE ANN. § 6.01(c) (West 2008), asserts that it is immune from the present action under the UDJA because appellants' requested declaratory relief is "redundant" to the relief provided by the tax code.[4]

### 1. Standard of Review and Applicable Law

A party asserting immunity to suit challenges the trial court's jurisdiction. *Harris County Hosp. Dist. v. Tomball Reg. Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009). Sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). We address questions of immunity de novo. *Id.*

---

[3] The trial court also denied attorney's fees under the tax code. Appellants do not challenge that ruling on appeal, and we therefore do not address it.

[4] Subject-matter jurisdiction is an issue that may be raised for the first time on appeal and may not be waived by the parties. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex.1993).

Under *City of El Paso v. Heinrich*, sovereign immunity bars UDJA actions against the state and its political divisions absent a legislative waiver. 284 S.W.3d 366, 373 (Tex. 2009). Concomitant to this rule, however, is the *ultra vires* exception, under which claims may be brought against a state official for non-discretionary acts unauthorized by law. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011). In other words, a proper defendant in an *ultra vires* action is the state official whose acts or omissions allegedly trampled on a party's rights, not the state, or its political subdivisions, themselves. *Id.* (citing *Heinrich*, 284 S.W.3d at 372–73). Furthermore, the UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law. *Sefzik*, 355 S.W.3d at 621; *see Heinrich*, 284 S.W.3d at 372–73. This proposition is supported by the fact that the UDJA does not alter a trial court's jurisdiction because it is "merely a procedural device for deciding cases already within the trial court's jurisdiction." *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011) (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)). Accordingly, under the facts of this case, in order for the underlying action to survive an assertion of sovereign immunity, it must be one for which immunity has expressly been waived. *Sefzik*, 355 S.W.3d at 621.

## 2. Discussion

Appellants' claims under the UDJA deal with the purported unconstitutional and unlawful taxation of their trailer homes. *See* TEX. CONST. art. VIII, § 1(d)(2); TEX. TAX CODE ANN. § 11.14 (West 2008). Additionally, appellants seek attorney's fees pursuant

to section 37.009 of the UDJA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008). Although the UDJA waives sovereign immunity, appellants' claims do not fall within the scope of these waivers. *See, e.g., id.* § 37.006(b) (West 2008) (waiving immunity for claims challenging the validity of ordinances or statutes); *see also Heinrich*, 284 S.W.3d at 373 n. 6; *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994) ("The [UDJA] expressly provides that persons may challenge ordinances or statutes, and that governmental entities must be joined or notified."). Appellants are not challenging the validity of a provision of the tax code; instead, they are challenging the Appraisal District's actions under it, and appellants do not direct us to any portion of the UDJA that expressly waives immunity for these claims. *See Sefzik*, 355 S.W.3d at 622. And appellants did not sue any state officials. Accordingly, the trial court lacked jurisdiction to hear any of appellants' claims under the UDJA, including their claims for attorney's fees.

Generally, when we hold that a trial court is without subject-matter jurisdiction, we allow a plaintiff to replead if the defect can be cured. *See Miranda*, 133 S.W.3d at 226–27. Here, appellants did not sue any state officials; however, appellants brought their claims under the UDJA pre-*Heinrich*, when the case law interpreting the *ultra vires* exception to the doctrine of sovereign immunity, as well as to who the property party was in a suit for declaratory remedy, was "less than clear." *See Heinrich*, 284 S.W.3d at 373 ("We have been less than clear regarding the permissible use of a declaratory remedy in this type of *ultra vires* suit."). Thus, in light of the clarifications to this area of the law in *Heinrich*, appellants should have an opportunity to replead in an attempt to cure the

5

jurisdictional defects of their petition. *See Sefzik*, 355 S.W.3d at 623 (giving plaintiff an opportunity to replead because her claim was brought pre-*Heinrich*). Without expressing any opinion on the merits of such a claim, we therefore, remand the case to the trial court to allow appellants this opportunity. *See id.* (citing *Sawyer Trust*, 354 S.W.3d at 394).

## III. CONCLUSION

We reverse the trial court's judgment and remand the case to the trial court for proceedings consistent with this opinion.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
15th day of August, 2013.

6